LEROY ANDERSON *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF JO DAVIESS, Defendant-Appellee.

Second District   No. 79-137

Opinion filed February 15, 1980.

William J. Scott, Attorney General, of Chicago, and Joseph W. Phebus, of Phillips, Phebus, Tummelson & Bryan, of Urbana (Joseph D. Keenan, Assistant Attorney General, of counsel), for appellants.

John W. Cox, Jr., State's Attorney, of Galena, for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

This appeal is brought by representatives of certain trade unions in Jo Daviess County from the judgment of the circuit court in an Administrative Review action.

Section 4 of the prevailing wage act (Ill. Rev. Stat. 1977, ch. 48, par. 39s-4), relating to wages of employees on public works, provides in part as follows:

"The public body awarding any contract for public work or otherwise undertaking any public works, shall ascertain the general prevailing rate of hourly wages in the locality in which the work is to be performed, for each craft or type of workman or mechanic needed to execute the contract, and where the public body performs the work without letting a contract therefor, shall ascertain the prevailing rate of wages on a per hour basis in the locality, and such public body shall specify in the resolution or ordinance and in the call for bids for the contract, that the general prevailing rate of wages in the locality for each craft or type of workman or mechanic needed to execute the contract or perform such work, also the general prevailing rate for legal holiday and overtime work, as ascertained by the public body or by the Department of Labor shall be paid for each craft or type of workman needed to execute the contract or to perform such work, and it shall be mandatory upon the contractor to whom the contract is awarded and upon any subcontractor under him, and where the public body performs the work, upon the public body, to pay not less than the specified rates to all laborers, workmen and mechanics employed by them in the execution of the contract or such work; * * *."

The "prevailing rate of hourly wage" is defined in section 2 of the act as follows:

"The term 'general prevailing rate of hourly wages', 'general prevailing rate of wages' or 'prevailing rate of wages' when used in this Act mean the hourly cash wages plus fringe benefits for health and welfare, insurance, vacations and pensions paid generally, in the locality in which the work is being performed, to employees engaged in work of a similar character on public works." Ill. Rev. Stat. 1977, ch. 48, par. 39s-2.

Pursuant to section 4 of the act, the county board of Jo Daviess County authorized a committee to ascertain "the true prevailing wage for this County and its political subdivisions." The committee sent questionnaires to local contractors and to the officers of the trade unions asking them to advise their rate of pay for the various trades. This questionnaire did not attempt to limit the survey to wages paid on public contracts but in the words of the county board "considered all wages paid by contractors in Jo Daviess County on public and private work." By resolution dated June 13, 1978, the board resolved that it had complied with the requirements of section 1 through section 12 of the act by determining the prevailing wage according to the exhibit attached to the resolution, which set out wage rates by craft in accordance with the responses to the questionnaires sent out by the committee. The county board chairman described the formula used by the board in arriving at the prevailing wage rate as follows:

"The formula we used was we multiplied the number of trade hours worked by a contractor by the rate paid. All trade totals were then added together and divided by the total number of hours worked by all of the same trade."

Objections were filed to the findings of the board as to the prevailing wage rate for various trades and crafts in Jo Daviess County. Certain county governmental entities did not hold hearings on the objections filed with the county board within the statutory 20 days after the objections were filed and as provided by section 9 of the act, the Department of Labor, upon the request of the objectors, therefore conducted its own hearing to determine the prevailing wage. As a result of such hearing, the Department of Labor determined that the prevailing wage being paid in Jo Daviess County on public works was considerably higher than the prevailing wage rates listed by the county board. The discrepancy was directly traceable to the fact that the county board's determination was based on *all* wages, both in private construction and those paid on public projects, whereas the Department of Labor's determination was based only on wages paid on public works. At the administrative hearing the plaintiffs presented the findings of the Department of Labor as to the prevailing wage rates culled from the wages paid on public projects and the plaintiffs contended that this was the correct standard to use. The

county, after consideration, rejected the plaintiffs' theory of the prevailing wage act and re-affirmed the wage rates originally published.

The plaintiffs, being leaders of trade unions in the county, filed suit for administrative review of the determination made by the county as to the prevailing wage rate, contending that the county's determination was erroneous as the county based the wages partly on wages paid on private projects, whereas the statute plainly requires that the prevailing wage rate shall be determined by reference to wages paid for "work of a similar character on public works." It should be noted that it was not maintained by the plaintiffs that the determinations made by the county were not mathematically correct but, rather, as we understand it, that they did not comply with the prevailing wage act. In other words, it is the contention of the plaintiffs that the rate of wages paid by contractors on private construction projects has no bearing on the determination of the prevailing wage rate under section 2 of the act, the prevailing wage rate statute only applying to wages paid on public works.

The county argued that such interpretation would render the prevailing wage act unconstitutional, citing *Bradley v. Casey* (1953), 415 Ill. 576. In that case, our supreme court held the then prevailing wage law unconstitutional in part. However, the language of the opinion clearly indicates that the objectional part of the statute was the provision that where there was in effect a collective bargaining agreement negotiated between employer and employee, covering rates of pay for work of a similar kind, in the same locality, then that rate of pay should be considered to be the prevailing wage in such locality. This provision was subsequently deleted from the act and does not appear in the statute now under consideration.

The circuit court did not find the current prevailing wage act to be ambiguous but in a memorandum opinion reached the conclusion that if it were to be interpreted so as to limit the wage rates to be considered only to those paid on public works, the result would be to freeze the prevailing wage at union scale and thus to accomplish by indirection the very result frowned on in *Bradley*. Reasoning thus, the court held that the legislature could not have intended to limit the inquiries concerning the prevailing wage rates to those paid on construction of public works, where it is obvious that union scale prevails. While the circuit court did not actually hold the prevailing wage statute in its present form to be unconstitutional, it was of the opinion that the plaintiffs erred in trying to exclude consideration of private construction projects and if the statute were to be interpreted literally and this was the result, it would amount to an unlawful delegation of authority to the unions to set wage rates.

We do not think it is necessary to anticipate this dubious result from a literal reading of the statute. The words "on public works" have the effect

of limiting the field of inquiry in ascertaining the prevailing wage rates prescribed by the statute, but those words are not the decisive factor in establishing the prevailing wage rate. The standard is not "union scale" but "public works" and in such times or situations as union labor predominates in the public works field, the union scale will no doubt set the standard for the prevailing wage rate under the statute. However, this possible effect does not render the present act unconstitutional. Whether the statute is based on sound economic theory can be debated in the legislature—it is our duty here only to consider whether the actual language creates a constitutional infirmity. We do not think so. It is evident that the intent of the statute was to determine and pay the prevailing wage in the locality in question for construction (not maintenance) work on public works. The language is not open to the charge that if *fixes* rather than finds or ascertains a standard, as was found in *Bradley*, and it is not our function to anticipate the long-range political and economic consequences of the statute and to deduce a constitutional defect based on such conjecture. We find in the present language no unlawful delegation of authority such as existed in *Bradley*.

The replies to the questionnaires submitted by the county were also objected to by the plaintiffs as being hearsay. For the purposes of this administrative hearing we do not regard information submitted by the county taken from the employers' replies to the questionnaires as being impermissible on the ground of hearsay. Signed statements by contractors in the localities showing wage rates paid by them on *public works* would not, in our opinion, be objectionable as a means of ascertaining the prevailing wages on such projects.

We find it unnecessary to consider the other issues raised by the plaintiffs in this appeal.

The judgment of the circuit court of Jo Daviess County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SEIDENFELD, P. J., and NASH, J., concur.