(No. 53679

ROY KIDD, Appellant, v. THE INDUSTRIAL COMMIS-SION *et al.* (Caterpillar Tractor Company, Appellee).

*Opinion filed May 22, 1981.—Rehearing denied*
*October 19, 1981.*

James C. Serkland, of Scheele, Serkland & Boyle, Ltd., of Chicago, for appellant.

Robert F. Fahey, of Peoria, for appellees.

MR. JUSTICE CLARK delivered the opinion of the court:

The claimant, Roy Kidd, was awarded compensation

by an arbitrator for temporary total incapacity for work and for the permanent and complete loss of 50% of the use of his left foot. The Industrial Commission affirmed the arbitrator's award and made special findings to the effect that the claimant was not entitled to be compensated for lost earnings under section 8(d)(1) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(d)(1)), because section 10(g) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.10(g)) bars the use of overtime earnings in computing lost earnings. The circuit court of Macon County confirmed the Commission's decision. The claimant appeals to this court pursuant to Rule 302(a). 73 Ill. 2d R. 302(a).

The claimant was employed as a finish painter by respondent, Caterpillar Tractor Company, on March 25, 1976, the day of the accident. As he descended a ladder, the claimant stepped into a paint pot with his left foot and caught his heel. The resulting injury was a fracture of two bones in his left foot. The claimant underwent surgery and needed to wear a short leg cast for some time. When the claimant returned to work in November 1976 he was advised by respondent's doctor not to return to his job as a finish painter but to return to light duty. The claimant took an assembly job, at the same rate of compensation as before his injury. The claimant was unable to take advantage of offers of overtime in his new job, due to both the lingering effects of his injury and the fact that there was less overtime to be had in his new job. There is no dispute but that, except for the loss of overtime earnings, the claimant is earning as much now as before the accident.

On appeal the claimant contends, first, that his lost overtime earnings should be included in computing lost earning capacity under section 8(d)(1). The claimant offers as support for this contention the fact that section 8(d)(1) was amended in 1975 to provide that lost earnings are to be recoverable "subject to the limitations as to maximum

amounts fixed in paragraph (b) of this section, equal to 66 2/3% of the difference between the average amount which he would be able to earn *in the full performance of his duties* in the occupation in which he was engaged at the time of the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(d)(1).) Prior to the amendment of section 8(d), a claimant was entitled to 65% of the difference between the average amount which he "earned before the accident" and the average amount earned afterwards. Ill. Rev. Stat. 1973, ch. 48, par. 138.8(d)(1).

The claimant asserts that the amendment evinces a legislative intent that overtime earnings are to be included in computing lost earnings based on what a claimant would earn in the "full performance of his duties." We must disagree due to the express terms of section 10(g) of the Act, which provide:

"The basis for computing the compensation provided for in Sections 7 and 8 of the Act shall be as follows:
* * *
(g) Earnings, for the purpose of this section, shall be based on the earnings for the number of hours commonly regarded as a day's work for that employment, and shall exclude overtime earnings. ***"
(Ill. Rev. Stat. 1975, ch. 48, par. 138.10(g).)

We do not see how the amendment to section 8(d) could seriously be thought to supersede or implicitly repeal section 10(g), especially since the amendment is somewhat ambiguous, whereas the meaning of section 10(g) is not at all obscure.

The claimant alternatively urges that overtime earnings are to be included in computing lost earning capacity under section 8(d)(1) because section 10(g) limits only the maximum compensation payable and does not refer to the computation of lost earnings. Thus, continues the argu-

ment, section 10(g)'s exclusion of overtime earnings is designed to prevent the total compensation payable from exceeding 66 2/3% of the regular weekly earnings. We are constrained to disagree with this argument, however, for the reason that section 10(g), by its terms, clearly does relate to earnings, and unambiguously excludes overtime earnings from being considered. (*Sroka v. Industrial Com.* (1952), 412 Ill. 126, 129; *Franklin County Coal Corp. v. Industrial Com.* (1947), 398 Ill. 528, 535.) (These two preamendment cases held that overtime earnings were not includible in computing lost earning capacity.)

The claimant next asserts that if overtime earnings are not to be included in computing lost earning capacity, then section 10(g) is violative of the State and Federal guarantees of due process and equal protection and constitutes class legislation contrary to the State and Federal constitutions. The essence of claimant's argument is that since the Workmen's Occupational Diseases Act allows overtime earnings to be included in computing lost earning capacity (Ill. Rev. Stat. 1975, ch. 48, par. 172.45(g)), but the Workmen's Compensation Act does not, an unconstitutionally discriminatory scheme is established.

"Whether a law is attacked as special legislation or as violative of equal protection, it is still the duty of the courts to decide whether the classification is unreasonable in that it preferentially and arbitrarily includes a class (special legislation) to the exclusion of all others, or improperly denies a benefit to a class (equal protection)." (*Illinois Polygraph Society v. Pellicano* (1980), 83 Ill. 2d 130, 138.) The requirements of due process are met if a law bears a reasonable relationship to a proper legislative purpose and is neither arbitrary nor discriminatory. The courts will not substitute their judgment for that of the legislature. *Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 454.

We agree with the respondent that the General Assem-

bly could very well have decided that since there is a direct causal relationship between prolonged exposure to harmful work conditions and occupational diseases, it is appropriate to include overtime earnings in computing lost earning capacity under that particular act. On the other hand, an accidental injury at work, which usually is an instantaneous event, is not as closely related to the number of hours spent on the job. Thus, the different legislative purposes of the two acts justified the General Assembly in treating overtime earnings differently. There is nothing unreasonable about such a distinction. The claimant's assertion of unconstitutionality must therefore fail.

Accordingly, for the reasons stated, the judgment of the circuit court of Macon County is affirmed.

*Judgment affirmed.*