(No. 58833.—

HERBERT HAYEN *et al.*, Appellees, v. THE COUNTY OF OGLE *et al.*, Appellants.

*Opinion filed April 19, 1984.*

Dennis Schumacher, State's Attorney, of Oregon (Douglas P. Floski, Assistant State's Attorney, of counsel), for appellant Ogle County.

Phebus, Tummelson, Bryan & Knox, of Urbana (Joseph W. Phebus and Janet A. Flaccus, of counsel), for appellees.

Gerald C. Smetana and Francesca J. Robertson, of Arvey, Hodes, Costello & Burman, of Chicago, for intervenor-appellants.

JUSTICE SIMON delivered the opinion of the court:

In this case we are called upon to decide whether "An Act regulating wages of \*\*\* workers employed in any public works \*\*\*" (the Prevailing Wage Act) (Ill. Rev. Stat. 1981, ch. 48, pars. 39s—1 to 39s—12) is constitutional to the extent that it requires contractors building public works in this State to pay their employees the wage rates prevailing in the locality where the work is performed, but at the same time limits the calculation of the prevailing rate to wages paid "on public works." Ill. Rev. Stat. 1981, ch. 48, par. 39s—2.

The Prevailing Wage Act provides that "[n]ot less than the general prevailing rate of hourly wages for work of a similar character *on public works* in the locality in which the work is performed \*\*\* shall be paid to all \*\*\* workers \*\*\* employed by or on behalf of any public body engaged in the construction of public works \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 48, par. 39s—3.) The Act requires every public body undertaking public works either to ascertain the general prevailing rate of hourly wages for each craft or class of work in the locality in which the work is to be performed or to request the Illinois Department of Labor to do so. (Ill. Rev. Stat. 1981, ch. 48, par. 39s—4.) The public body must require by contract, ordinance or resolution that all contractors on the project pay their employees these prevailing rates. Civil and criminal sanctions are provided against public bodies or contractors who violate their obligations under the Act. Ill. Rev. Stat. 1981, ch. 48, pars. 39s—6, 39s—11.

The Prevailing Wage Act defines the prevailing rate of wages as "the hourly cash wages plus fringe benefits for health and welfare, insurance, vacations and pensions paid generally, in the locality in which the work is being performed, to employees engaged in work of a similar

character *on public works.*" (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 48, par. 39s—2.) A 1961 amendment to the Act added the phrase "on public works," and this language has been correctly interpreted by the appellate court as excluding wages paid on private construction work from the calculation of the prevailing wage rate, thereby limiting the calculation of that rate to wages generally paid on *public works* in the locality where the work is to be performed. (See *Hayen v. County of Ogle* (1983), 116 Ill. App. 3d 80, 81-82; *Anderson v. County of Jo Daviess* (1980), 81 Ill. App. 3d 354, 357-58.) No other interpretation of the statute can give effect to the legislature's decision to add the phrase "on public works" to the Act.

The Ogle County board, however, has adopted a resolution that ascertained the prevailing wages in that county for various crafts and classes of work which it admits are based on averages of the wages for each craft or class prevailing generally in the county, including those paid in private construction work as well as those paid on public works. After the adoption of this resolution, plaintiffs, Herbert Hayen, Dean Frey and Werner Vogel—business representatives of labor unions whose members work on public construction projects in Ogle County—filed objections with the board. A hearing was held at which Mr. Vogel testified that, to his knowledge, no nonunion contractor had performed substantial hours on public works construction in Ogle County in recent memory and consequently plasterers and cement finishers on recent public works projects in that county had been paid union scale wages. Other witnesses made similar observations for other crafts and classes of work. It was also established at the hearing that the prevailing wage rate for Ogle County as ascertained by the Illinois Department of Labor was the same as the union scale wage for each craft or class of work. The board, how-

ever, had information that union scale was nearly 40% above what some nonunion contractors were paying for private construction work in Ogle County, although it apparently never ascertained the volume, if any, of this nonunion work. The board overruled the plaintiffs' objections and adopted prevailing wage rates reflecting an average of wages paid on public and private construction projects in Ogle County.

The plaintiffs filed an action in the circuit court of Ogle County seeking review of the board's administrative determination. The plaintiffs argued that the board had failed to follow the Prevailing Wage Act because it included wages paid on private construction projects in its calculation of the prevailing wage rate. Several nonunion construction contractors were allowed to intervene in the action, and they joined the county in arguing that the act is arbitrary and irrational, in violation of the due process and equal protection clauses of the State and Federal constitutions to the extent that it excludes wages paid on private construction projects from the calculation of the prevailing wage rate. They also raised other constitutional objections to the Act. The circuit court upheld the constitutionality of the Act, reversed the county's determination of the prevailing wage rate for Ogle County, and directed the county to ascertain the prevailing wage rate by reference only to wages paid on public works. The appellate court affirmed the circuit court's decision with one justice dissenting. (116 Ill. App. 3d 80, 86.) We granted leave to appeal (87 Ill. 2d R. 315).

The plaintiffs first contend that the county of Ogle has no standing to contest the constitutionality of a State statute under the due process clause. (*Cf. Village of Riverwoods v. Department of Transportation* (1979), 77 Ill. 2d 130, 136 ("a municipal corporation is not entitled to the protection of the due process clause against

the State"); *Franciscan Hospital v. Town of Canoe Creek* (1979), 79 Ill. App. 3d 490, 497; *City of Atlanta v. Spence* (1978), 242 Ga. 194, 195, 249 S.E.2d 554, 556.) The county maintains that, although it might not have standing to bring this action on its own behalf, it does have standing under the doctrine of *parens patriae* to bring it on behalf of its residents and taxpayers. (See *Alfred L. Snapp & Son, Inc. v. Puerto Rico* (1982), 485 U.S. 592, 73 L. Ed. 2d 995, 102 S. Ct. 3260.) Because the issue of the county's standing was not raised below, and because the contractors have standing to raise the constitutional question, we decline to decide this important issue of constitutional law.

The contractors' principal constitutional objection to the Prevailing Wage Act is that, in requiring that they pay their employees a prevailing wage rate based solely on wages paid on public works projects, the Act is arbitrary and irrational and violates the substantive protection of the due process clause of the State and Federal constitutions (Ill. Const. 1970, art I, sec. 2; U.S. Const., amend XIV, sec. 1). "It is by now well established that legislative acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way." (*Usery v. Turner Elkhorn Mining Co.* (1976), 428 U.S. 1, 15, 49 L. Ed. 2d 752, 766, 96 S. Ct. 2882, 2892.) A law does not violate due process if it bears a rational relation to a legitimate legislative purpose and is neither arbitrary nor discriminatory. See *Williamson v. Lee Optical* (1955), 348 U.S. 483, 488, 99 L. Ed. 563, 572, 75 S. Ct. 461, 464.

The contractors argue that the 1961 amendment to the Prevailing Wage Act is arbitrary because it is inconsistent with the declaration of policy contained in the

Act. That declaration states it to be "the policy of the State of Illinois that a wage of no less than *the general prevailing hourly rate* as paid for work of a similar character in the locality *** shall be paid" to all workers employed in the construction of public works." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 48, par. 39s—1.) As we have noted, the Act defines the general prevailing hourly rate as "wages *** paid generally, in the locality *** to employees engaged in work of a similar character *on public works.*" (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 48, par. 39s—2.) Thus, the statement of policy contained in the Act incorporates the substance of the 1961 amendment, and the internal conflict alleged by the contractors does not exist.

The contractors offer several other observations in support of their argument that the Prevailing Wage Act is arbitrary and irrational. They note that, as applied in Ogle County, the Act requires public works contractors to pay substantially more than what wage rates in the free market for labor would require. As a result, the Act makes public works in that county much more expensive to the taxpayers than they would otherwise be. The contractors also contend that the Act creates a base that wages for public works construction can never fall below. Once the prevailing wage on public works is established for a county, no contractor performing public construction works may pay less than that amount. Although the prevailing wage may thereafter rise in response to conditions in the general market for labor, they point out that it cannot fall below the prevailing wage for prior periods no matter what the wages for work on private construction projects may be.

These objections to the operation of the Prevailing Wage Act do not strike at the basic rationality of the statute, but pose what are essentially questions of policy which are more appropriately directed to the legislature

than to this court. The decisions of this court and the United States Supreme Court make plain that, in assessing the constitutionality of a statute under the requirements of minimum rationality, "we do not sit as a superlegislature to weigh the wisdom of legislation nor to decide whether the policy which it expresses offends the public welfare." (*Day-Brite Lighting, Inc. v. Missouri* (1952), 342 U.S. 421, 423, 96 L. Ed. 469, 472, 72 S. Ct. 405, 407; *cf. Kidd v. Industrial Com.* (1981), 85 Ill. 2d 534, 538.) "The day is gone [when the courts will use] the Due Process Clause of the Fourteenth Amendment to strike down state laws, regulatory of business and industrial conditions, because they may be unwise, improvident, or out of harmony with a particular school of thought." (*Williamson v. Lee Optical* (1955), 348 U.S. 483, 488, 99 L. Ed. 563, 572, 75 S. Ct. 461, 464.) In order to obtain relief from legislation on such grounds, "the people must resort to the polls, not to the courts." *Munn v. Illinois* (1877), 94 U.S. 113, 134, 24 L. Ed. 77, 87.

We hold that the Prevailing Wage Act does not violate the due process clause, for it bears a rational relationship to a legitimate State interest. The same observations sustain the Act against attack under the minimum-scrutiny standard of the equal protection clause. A purpose of the Act is to assure that people working on public works projects receive a decent wage in order to secure " '*** the advantage to the state of having the work performed under conditions which give some assurance that the work will be completed without interruptions or delay by workmen of average skill. ***.' " (*Bradley v. Casey* (1953), 415 Ill. 576, 586 (quoting *Long Island R.R. Co. v. Department of Labor* (1931), 256 N.Y. 498, 513, 177 N.E. 17, 22).) The Act, as originally enacted, furthered this aim by equalizing wages paid on public works projects with those paid on private

projects in order to discourage public works contractors from hiring unreliable migrant laborers at subsistence wages. Under the 1961 amendment, however, the legislature replaced this scheme with the provision requiring public works contractors to pay the wages generally paid on public works projects in the community.

Although the contractors complain about the deleterious consequences of this legislative scheme, these effects simply are a result of the legislature's decision to stabilize labor conditions on public works projects by creating a prevailing wage base. Whether or not the legislature's scheme is worth the price, the Prevailing Wage Act is constitutional under the minimum-rationality standard of the due process and equal protection clauses; "it belongs to the state, as the guardian and trustee for its people, and having control of its affairs, to prescribe the conditions upon which it will permit public work to be done on its behalf, or on behalf of the municipalities." *Atkins v. Kansas* (1903), 191 U.S. 207, 222-23, 48 L. Ed. 148, 158, 24 S. Ct. 124, 127.

The contractors also claim that, even if the Prevailing Wage Act survives scrutiny under the due process and equal protection clauses, it is nevertheless unconstitutional "for the reason that it delegates a discretionary power to private parties." (*Bradley v. Casey* (1953), 415 Ill. 576, 585.) In *Bradley*, this court upheld a general requirement that workers employed in the construction of public works be paid the prevailing rate for wages in the locality, but struck down a provision in the Act which provided that, if a collective bargaining agreement applied to construction work in the locality where public work was to be performed, the rates of wages established by that agreement "shall be considered as the 'prevailing rate of wages' in such locality." Ill. Rev. Stat. 1951, ch. 48, par. 39s—2.

The contractors contend that the Prevailing Wage

Act as amended in 1961 achieves the same result as the provision declared unconstitutional in *Bradley:* the guarantee of a union scale wage to workers on public works projects. The plaintiffs concede that, given the evidence presented before the board, the prevailing wage rate in Ogle County will be the union scale wage if we uphold the judgments of the courts below. Moreover, in a related action before this court (*People ex rel. Bernardi v. Roofing Systems, Inc.* (1984), 101 Ill. 2d 424), the Department of Labor conceded in its reply brief that "the prevailing rate currently is union scale. In fact \*\*\* the department has never found a prevailing rate to be less than union scale."

Even if the prevailing wage rates have been determined to be the same as union scale wages, the standard established by the Act "is not 'union scale' but 'public works' and in such times or situations as union labor predominates in the public works field, the union scale will no doubt set the standard for the prevailing wage rate under the statute." (*Anderson v. County of Jo Daviess* (1980), 81 Ill. App. 3d 354, 358.) However, if union labor does not predominate in the public works field, the prevailing wage rate will not be equivalent to union scale. In any case, the Act as amended in 1961 does not delegate power to private parties in the same way as the provision in *Bradley,* nor does the Act as amended prevent the Department of Labor or other public bodies from "*finding* or *ascertaining* an existing fact" (*Bradley v. Casey* (1953), 415 Ill. 576, 585)—the wage rate generally paid on public works projects.

The contractors' remaining constitutional claims have no merit. It is established beyond any doubt that a contractor's privilege of paying his employees whatever wages he can negotiate is not one of the fundamental rights of national citizenship guaranteed by the privileges and immunities clause of the fourteenth amend-

424

ment. (U.S. Const., amend. XIV, sec. 1; see *The Slaughter-House Cases* (1873), 83 U.S. (16 Wall.) 36, 73-78, 21 L. Ed. 394, 407-09; *Madden v. Kentucky* (1940), 309 U.S. 83, 84 L. Ed. 590, 60 S. Ct. 406.) Nor does the supremacy clause of the United States Constitution (U.S. Const., art. VI) require that this State adopt the same scheme for calculating the prevailing wage rate on State or local construction projects as the one the Federal government has adopted under the prevailing wage provisions of the Davis-Bacon Act for Federal construction projects. Moreover, any danger of potential conflict between the Illinois Prevailing Wage Act and the Davis-Bacon Act is prevented by the State Act which provides that "[t]he provisions of this Act shall not be applicable to Federal construction projects which require a prevailing wage determination by the United States Secretary of Labor" (Ill. Rev. Stat. 1981, ch. 48, par. 39s–11). The possibility of conflict is so remote that it should be dealt with only in a case presenting the conflict, if one should arise, and not as a facial challenge to the State statute.

For all these reasons we affirm the judgment of the appellate court.

*Judgment affirmed.*