(No. 58096.—Reversed

THE PEOPLE *ex rel.* E. ALLEN BERNARDI, Director of Labor, Appellant, v. ROOFING SYSTEMS, INC., Appellee.

*Opinion filed April 19, 1984.*

Neil F. Hartigan, Attorney General, of Springfield (Patricia Rosen, Assistant Attorney General, of Chicago, of counsel), for appellant.

D. Peter DeBruyne and Robert E. Roman, Jr., of De-Bruyne & Roman, P.C., of Rockford, for appellee.

Lester Asher and Edwin H. Benn, of Asher, Goodstein, Pavalon, Gittler, Greenfield & Segall, Ltd., of Chicago, for *amicus curiae* Illinois State Federation of Labor and Congress of Industrial Organizations *et al.*.

Phebus, Tummelson, Bryan & Knox, of Urbana (Joseph W. Phebus and Janet A. Flaccus, of counsel), for *amicus curiae* State of Illinois AFL-CIO Building and Construction Trades Committee on Prevailing Wages.

JUSTICE SIMON delivered the opinion of the court:

Plaintiff, E. Allen Bernardi, Director of the Illinois Department of Labor, filed this action against the defendant, Roofing Systems, Inc., in the circuit court of Ogle County to compel compliance with the provisions of "An Act regulating wages of *** workers employed in any public works ***." (Prevailing Wage Act) (Ill. Rev. Stat. 1981, ch. 48, pars. 39s—1 to 39s—12.) The Director alleged that the defendant was working on a public

works construction project and that it had refused to pay its workers wages that were at least equal to the generally prevailing wage rate in the locality in violation of section 3 of the Prevailing Wage Act (Ill. Rev. Stat. 1981, ch. 48, par. 39s—3). In his complaint the Director sought a declaratory judgment, a permanent injunction and access to the defendant's wage and hour records.

The defendant filed a motion to dismiss the complaint, contending that the complaint failed to state a cause of action, that neither the contract nor the statute required the defendant to pay a prevailing wage, and that the Attorney General lacked legal capacity to bring this action on behalf of the Director. At a hearing on the motion the circuit court judge, *sua sponte*, declared his belief that the Prevailing Wage Act is unconstitutional because it requires public bodies to pay workers on construction projects more than they would without the statute. He then entered an order dismissing the complaint on the ground that the Prevailing Wage Act violates the due process and equal protection clauses of the State and Federal constitutions (Ill. Const. 1970, art. I, sec. 2; U.S. Const., amend. XIV, sec. 1). The Director appealed directly to this court. 87 Ill. 2d R. 302(a)(1).

In *Hayen v. County of Ogle* (1984), 101 Ill. 2d 413, we upheld the constitutionality of the Prevailing Wage Act against similar claims. In that case we said:

> "We hold that the Prevailing Wage Act does not violate the due process clause, for it bears a rational relationship to a legitimate State interest. The same observations sustain the Act against attack under the minimum-scrutiny standard of the equal protection clause. A purpose of the Act is to assure that people working on public works projects receive a decent wage in order to secure ' "*** the advantage to the state of having the work performed under conditions which give some assurance that the work will be completed without interruptions or delay by workmen of average skill.

\*\*\*." ' (*Bradley v. Casey* (1953), 415 Ill. 576, 586 (quoting *Long Island R.R. Co. v. Department of Labor* (1931), 256 N.Y. 498, 513, 177 N.E. 17, 22).) The Act, as originally enacted, furthered this aim by equalizing wages paid on public works projects with those paid on private projects in order to discourage public works contractors from hiring unreliable migrant laborers at subsistence wages. Under the 1961 amendment, however, the legislature replaced this scheme with the provision requiring public works contractors to pay the wages generally paid on public works projects in the community.

Although the contractors complain about the deleterious consequences of this legislative scheme, these effects simply are a result of the legislature's decision to stabilize labor conditions on public works projects by creating a prevailing wage base. Whether or not the legislature's scheme is worth the price, the Prevailing Wage Act is constitutional under the minimum-rationality standard of the due process and equal protection clauses; 'it belongs to the state, as the guardian and trustee for its people, and having control of its affairs, to prescribe the conditions upon which it will permit public work to be done on its behalf, or on behalf of the municipalities.' *Atkins v. Kansas* (1903), 191 U.S. 207, 222-23, 48 L. Ed. 148, 158, 24 S. Ct. 124, 127." *Hayen v. County of Ogle* (1984), 101 Ill. 2d 413, 421-22.

Our decision in *Hayen* applies to this case. The circuit court's conclusion that the Prevailing Wage Act is unconstitutional is reversed. No other issue of law or fact is presented for our decision.

The judgment of the circuit court is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*