THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* E. ALLEN BERNARDI, Director of Labor, Plaintiffs-Appellants, v. THE CITY OF HIGHLAND PARK *et al.*, Defendants-Appellees.

Second District   No. 84—0417

Opinion filed August 12, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Edward M. Hogan, Assistant Attorney General, of Chicago, of counsel), for appellant.

Thomas W. Kelty, William D. Reid, and Janet E. Goldberg, all of Pfeifer & Kelty, of Springfield, for appellee Durocher Dock and Dredge Corporation.

John J. Zimmerman, of Bradtke & Zimmerman, of Mt. Prospect, Erwin W. Jentsch, of Elgin, and Thomas H. Compere, of Lake Forest, for other appellees.

JUSTICE SCHNAKE delivered the opinion of the court:

In this appeal the court addresses three issues: (1) what action is necessary for a local home rule unit to "exercise" its home rule power (Ill. Const. 1970, art. VII, sec. 6(a)), (2) whether the wages to be paid by a local home rule unit on a public construction project is a "function pertaining to its government and affairs" (Ill. Const. 1970, art. VII, sec. 6(a)), and (3) whether the Illinois Prevailing Wage Act (IPWA) (Ill. Rev. Stat. 1983, ch. 48, par. 39s–1 et seq.) preempted home rule activity in the area of wages to be paid on local public construction contracts.

On December 29, 1983, the city of Highland Park (city) issued a request for bids for the construction of a "Water Intake Extension Project." The letting of bids was authorized by vote of the city council which intentionally omitted from the specifications a requirement that the bids comply with the IPWA. Despite warnings from the Director of the Illinois Department of Labor (Director), that its bid specifications were defective, the city accepted bids for the job. Durocher Dock and Dredge Co. (Durocher), a Michigan corporation, was the low responsible bidder, and the city announced that it would award the contract to Durocher at its February 13, 1984, city council meeting.

On February 10, 1984, the Director filed a complaint for injunctive relief against both the city and Durocher in the circuit court of Lake County. On this same day, the Director was granted a temporary restraining order prohibiting the city from awarding Durocher the contract, and on February 27, 1984, the court granted a preliminary injunction prohibiting the city from awarding the contract to Durocher. However, on April 18, 1984, the court denied the Director's prayer for a permanent injunction and dismissed the action. Thereafter, the city council voted to award the contract to Durocher and work was begun on the project. The Director appeals the dismissal of his complaint for injunctive relief.

■ The Director's first argument on appeal is that the city failed

to "exercise" its home rule powers under article VII, section 6(a), of the Illinois Constitution and, therefore, its contract with Durocher violated the IPWA. The Director argues that the city must pass an ordinance in order to exercise its home rule powers and exempt itself from the IPWA.

The Director's argument, however, was rejected by our supreme court in *Sommer v. Village of Glenview* (1980), 79 Ill. 2d 383. In *Sommer* the court held that the trustees' vote not to place a referendum on the general ballot in contravention of section 162a of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 643a) was a sufficient exercise of the home rule power. The court rejected the argument that an ordinance was required to "exercise" the village's home rule power, stating:

"We think the plaintiffs argue for an overly technical interpretation of the term 'exercise' when they insist that the adoption of an ordinance is a superseding exercise of home rule power while a vote at a trustees' meeting is not. They are both acts taken by the governing board of a home rule unit, as an assertion of autonomy and independence from State control granted by article VII, section 6, of the 1970 Constitution. (See *City of Urbana v. Houser* (1977), 67 Ill. 2d 268, 273.)" *Sommer v. Village of Glenview* (1980), 79 Ill. 2d 383, 393.

In the instant case, we find that the city has twice "exercised" its home rule powers. First, the city council voted to authorize contract specifications which it knew to be in direct contravention to the IPWA; second, the city council voted to award the contract to Durocher. (While we note that the city council had not actually voted to award the contract at the time this action was brought and dismissed, the Director cannot bar this second inevitable vote by bringing a premature injunctive action.) We fail to see a relevant distinction between these two votes and the trustees' vote in *Sommer* not to place the referendum on the general ballot. All three were votes not to comply with a State statute. Therefore, both votes of the city council in the present case were "acts taken by the governing board of a home rule unit, as an assertion of autonomy and independence from State control granted by article VII, section 6, of the 1970 Constitution." *Sommer v. Village of Glenview* (1980), 79 Ill. 2d 383, 393.

■ The Director's second argument on appeal is that the regulation of wages to be paid on local public construction projects is a matter of State concern and not a matter pertaining to the city's "government and affairs" (Ill. Const. 1970, art. VII, sec. 6(a)). The Director reasons that since the State has a sufficient interest in the

regulation of wages to be paid on public construction projects for the IPWA to be held constitutional under the minimum rationality test of the due process clause (*Hayen v. County of Ogle* (1984), 101 Ill. 2d 413; *People ex rel. Bernardi v. Roofing Systems, Inc.* (1984), 101 Ill. 2d 424; *Bradley v. Casey* (1953), 415 Ill. 576), it is a matter of state-wide rather than local concern and, therefore, beyond the city's home rule power.

The Director's argument, however, misconceives the proper nature of the inquiry. The mere fact that the State has a sufficient minimum interest in the subject matter to enable it to enact relevant legislation and meet minimum due process requirements does not mean that the matter is outside the home rule powers of the local unit of government. To interpret section 6(a) in this manner would vitiate all meaning from its constitutional grant of home rule power. Our supreme court rejected a similar far-reaching argument in *Kalodimos v. Village of Morton Grove* (1984), 103 Ill. 2d 483, 502, stating:

"The plaintiffs seek to apply a free-wheeling preemption rule to the exercise of home rule power. They argue in effect that a subject is preempted whenever it is of significant concern to the State or whenever a uniform statewide solution to the problems it entails might arguably be more manageable than individual control by local units of government. Home rule, however, is predicated on the assumption that problems in which local governments have a legitimate and substantial interest should be open to local solution and reasonable experimentation to meet local needs, free from veto by voters and elected representatives of other parts of the State who might disagree with the particular approach advanced by the representatives of the locality involved or fail to appreciate the local perception of the problem. [Citations.]" Contrary to the Director's argument, we find that the setting of wages for a public construction project to be completed within the city of Highland Park and to be paid for by the city of Highland Park is a "function pertaining to its government and affairs." Ill. Const. 1970, art. VII, sec. 6(a).

■ The Director's third argument on appeal is that the State preempted the city's home rule powers in this area. The Director contends that the legislature's creation of a broad comprehensive scheme (the IPWA) and a State agency to enforce it (the Illinois Department of Labor and its mediation and conciliation division) demonstrates that the legislature intended to preempt the area so that a home rule unit could not act inconsistently to the IPWA.

The Director relies primarily on *Hutchcraft Van Service, Inc. v. Human Relations Com.* (1982), 104 Ill. App. 3d 817, where the court held that the enactment of the Illinois Human Rights Act (IHRA) (Ill. Rev. Stat., 1980 Supp., ch. 68, par. 1—101 *et seq.*), which implemented section 17 of the Bill of Rights of the Illinois Constitution of 1970, established such a comprehensive statutory scheme as to show the legislature's intent that the IHRA preempt the subject of freedom from unlawful discrimination, making any contrary or broader local ordinance impermissible. *Hutchcraft* is inapplicable to the present case, however, because the IHRA was passed in 1980, 10 years after the Illinois Constitution of 1970, while the IPWA was enacted prior to 1970. As our supreme court stated in *City of Rockford v. Gill* (1979), 75 Ill. 2d 334:

> "It is manifestly impossible to find a legislative intention to limit the city's home rule powers *** in a statute that predates the 1970 Constitution because, as this court said in *Kanellos*, the concept of home rule was 'totally foreign' to pre-1970 legislative contemplation. (53 Ill. 2d 161, 166-67.)" 75 Ill. 2d 334, 341.

To the contrary, our supreme court has "consistently found that an ordinance enacted by a home rule unit pursuant to article VII, section 6(a), of the Constitution of 1970 supersedes a conflicting statute enacted prior to the effective date of the Constitution. [Citations.]" *City of Evanston v. Create, Inc.* (1981), 85 Ill. 2d 101, 108-09.

Therefore, for the reasons set forth above, we affirm the circuit court's judgment dismissing the Director's complaint for injunctive relief in this case.

Affirmed.

UNVERZAGT and LINDBERG, JJ., concur.