ROBERT GRAY *et al.*, d/b/a Gray's Material Service, Plaintiffs-Appellants, v. THE DEPARTMENT OF LABOR, Defendant-Appellee.

Third District   No. 3—87—0710

Opinion filed November 21, 1988.

Manion, Janov, Devens & Fahey, Ltd., of Danville (Rick E. Janov, of counsel), for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Ann Plunkett-Sheldon, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Kankakee County which affirmed a decision of the defendant, Illinois Department of Labor, which found the plaintiffs, Robert Gray and John Gray, d/b/a Gray's Material Service, guilty of violating certain provisions of "An Act regulating wages of laborers ***" (Illinois Prevailing Wage Act or Act) (Ill. Rev. Stat. 1985, ch. 48, pars. 39s—1 through 39s—12) and which further ordered the plaintiffs debarred from any public work contracts for a period of two years.

The factual situation which resulted in this litigation discloses that Gray's Material Service was a partnership owned and operated by Robert Gray and John Gray. The plaintiffs, Robert and John Gray, had been doing business for some 20 to 25 years. The bulk of the work performed involved public work projects consisting of oil and chip work.

In the summer of 1985, the Grays were awarded three public works contracts in Kankakee County. While performing work required by these contracts the defendant, Illinois Department of Labor (De-

partment), pursuant to a complaint received, conducted an investigation of alleged violations by the Grays of the Illinois Prevailing Wage Act. Specifically, the defendant Department charged that the Grays had failed to pay their employees the prevailing wages and overtime as required by the contracts awarded to them by Kankakee County and that the Grays had maintained false and incorrect records of their employees' hours and wages.

As heretofore noted, the defendant Department's charges were upheld in an administrative hearing and the decision was affirmed by the circuit court of Kankakee County.

The plaintiffs raise several issues in this appeal, the first being that the defendant Department's decision to debar plaintiffs from public works contracts for a period of two years is against the manifest weight of the evidence.

In addressing this issue it is necessary to set forth some of the evidence adduced at the administrative hearing. It is not disputed that the contracts awarded the Grays contained the following provisions:

> "The contractor will be required to pay all laborers, workmen, and mechanics performing work under this contract a rate of pay which is not less than the prevailing wage rate as found by the Kankakee County Board or the Department of Labor, or as determined by the court on review."

Nor is it disputed that on July 10, 1984, the Kankakee County board adopted a resolution which established the prevailing hourly wage rates and other employee benefits that were in effect on the dates when the contracts were awarded to the plaintiffs, Robert and John Gray.

The plaintiffs employed power broom operators, roller operators, and drivers of semis and single axle trucks, distributors and chippers in order to oil and resurface the public roads set forth in the contracts awarded to them by Kankakee County.

At the hearing, John Gray testified that he was in charge of 8 to 10 men who worked on the project, and as crew foreman it was his job to keep track of their hours and to calculate their wages. John Gray further testified that he used a 1982 Kankakee County board resolution, even though the contracts had been awarded in 1985. On cross-examination he admitted that he should have used a 1984 board resolution, but that he had never contacted the county clerk's office to see if there was a resolution more current than the one of 1982. He (John Gray) further admitted that he paid the wage rate of $16.12 per hour (the rate for a laborer) to all of his employees regardless of their

classification, even though power broom operators, truck drivers and roller operators were entitled to a higher rate.

John Gray not only used the 1982 county resolution instead of the 1984 county resolution, but he testified that he "didn't see" the other job categories and that the laborer wage rate was used for everybody because it was the easiest to figure.

Without going into detailed examples, of which there were many, the evidence disclosed that the plaintiff John Gray paid five employees for working from 8 a.m. to anywhere from 1 p.m. to 3 p.m. He testified that the employees were "stragglers" in reporting for work and after 2 p.m. or 3 p.m. the employees just sat around drinking beer. This testimony was contradicted by the five employees and the Kankakee County Highway Department engineers. The evidence supports the conclusion that the employees' workday began at 5:30 a.m. and concluded at 5 p.m. to 7 p.m. The employees were never given lunch or rest breaks.

The evidence further discloses that the plaintiffs were not strangers to the provisions of the Illinois Prevailing Wage Act. In 1980 a complaint was filed against them for failure to pay employees prevailing wages. The case was settled by a payment from the plaintiffs to the employees in the sum of $3,000. The significance of this prior violation is that the plaintiffs were advised by Mr. Wierman, an employee of the Department of Labor, that they (plaintiffs) must pay their employees the prevailing wage and from the time they reported to work at the shopyard where they loaded up supplies and not from the time the employees reached the jobsite. Mr. Wierman further testified that he had similar discussions with the plaintiffs almost every year after the 1980 incident but they continued to violate the Act.

The plaintiffs attempt to explain their conduct by claiming that they were ignorant of the law and that John Gray, because of the volume of work, had to assume the clerical duties for which he had no experience or training.

In light of the fact that plaintiffs had been in business for some 20 to 25 years, their attempted explanation of these violations resulting from underpaying employees is not persuasive.

■ Reviewing courts will not reweigh the evidence or substitute their judgment for that of the agency but are limited to a determination whether the final decision of an administrative agency is just and reasonable in light of the evidence presented. (*Davern v. Civil Service Comm'n* (1970), 47 Ill. 2d 469, 269 N.E.2d 713.) If there is substantial evidence to support an agency's decision the decision must be affirmed. *Lo Piccolo v. Department of Registration & Education* (1972),

5 Ill. App. 3d 1077, 284 N.E.2d 420.

■ In the instant case the hearing examiner entered a 24-page opinion, which ruled that the Department of Labor had proved "by an overwhelming preponderance of the evidence" that the plaintiffs had violated provisions of the Illinois Prevailing Wage Act. We agree.

■ The plaintiffs further argue that the Prevailing Wage Act attempts to distinguish differently employees who transport material to construction sites based upon who they are employed by, in violation of the equal protection clause of the United States Constitution.

Section 3 of the Prevailing Wage Act states that employees of contractors on public works projects who are engaged in transporting equipment and material to the jobsite are covered by the Act but employees of sellers, suppliers, manufacturers or processors of material or equipment are not. Ill. Rev. Stat. 1985, ch. 48, par. 39s—3.

The plaintiffs in their brief argue that there should be no differentiation as far as treatment (wages) is concerned between an employee of a contractor for a public works project and an employee of a supplier of that contractor who may transport the *same* materials to the *same* site.

In addressing this equal protection argument raised by the plaintiffs, we note that each group of employers, to wit, contractors and suppliers, etc., has different employees. Our supreme court has addressed an issue quite similar to the one raised by the plaintiffs in *Hayen v. County of Ogle* (1984), 101 Ill. 2d 413, 463 N.E.2d 124. In our opinion this case is determinative and dispositive of the plaintiffs' equal protection argument. In *Hayen* our supreme court found section 2 of the Illinois Prevailing Wage Act to be constitutional. In making this determination the supreme court considered not only the equal protection argument but also issues concerning due process and improper delegation of power. *Hayen v. County of Ogle*, 101 Ill. 2d at 418, 463 N.E.2d at 128.

The plaintiffs also argue that section 11a of the Prevailing Wage Act, which authorizes a two-year debarment for violations of the Act, constitutes an unconstitutional delegation of legislative powers or a violation of due process.

■ Section 11a of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 39s—11a) authorizes the imposition of a two-year period of disbarment for violations of the Act; however, plaintiffs argue that this provision is void for vagueness and constitutes an unconstitutional delegation of legislative powers to the Department of Labor. We find little merit in plaintiffs' argument. Our supreme court has declared that a legislative delegation of power to an administrative body is valid if it sufficiently

identifies (1) the persons and activities potentially subject to regulation; (2) the harm sought to be prevented; and (3) the general means intended to be available to the administrator to prevent the identified harm. *Stofer v. Motor Vehicle Casualty Co.* (1977), 68 Ill. 2d 361, 369 N.E.2d 875.

■ An examination of section 11a in the light of the decision in *Stofer* discloses that the persons to be regulated are contractors and subcontractors. The harm to be prevented is identified when the section (11a) refers to the employer's "obligations to employees under this Act." (Ill. Rev. Stat. 1985, ch. 48, par. 39s—11a.) This language can then be read in conjunction with section 1 of the Act, which provides that "a wage of no less than the general prevailing hourly rate *** shall be paid to all laborers, workers and mechanics employed by or on behalf of any and all public bodies engaged in public works." (Ill. Rev. Stat. 1985, ch. 48, par. 39s—1.) The logical inference from these provisions is that the harm to be prevented is substandard work on public projects.

The last requisite set forth in the case of *Stofer* is in regard to the general means available to the administrator to prevent the identified harm. The Department has two procedures available as means to prevent harm, to wit, a two-year debarment provided by section 11a, which can be imposed after an administrative hearing, and prosecution by the Attorney General pursuant to section 6 of the Act. We cannot agree with the plaintiffs that the Act is void because of vagueness. The rights and duties imposed by the Act are clear and definite enough to guide those who must comply with it. *Chastek v. Anderson* (1981), 83 Ill. 2d 502, 416 N.E.2d 247.

■ Plaintiffs next assert that the hearing officer ruled incorrectly on evidentiary rulings which deprived them of a fair hearing in violation of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*), which requires that rules of evidence be followed.

We see little merit in setting forth a detailed resume of the specific instances of complained error. We quarrel not with plaintiffs' claim that the rules of evidence are applicable to administrative hearings. An examination of the record discloses that the hearing officer not only stated that rules of evidence were to be followed but attempted to conduct the hearing pursuant to such rules.

Department of Labor hearings, however, are specifically controlled by the Administrative Procedure Act (Ill. Rev. Stat. 1985, ch. 127, par. 1001 *et seq.*). Section 12 sets forth the rules of evidence applicable to contested administrative hearings. The standard for a fair administrative hearing is set forth in the case of *Goranson v. Depart-*

*ment of Registration & Education* (1980), 92 Ill. App. 3d 496, 415 N.E.2d 1249. The court in *Goranson* stated:

> "A fair hearing before an administrative body provides the party concerned with the opportunity to be heard in an orderly proceeding which is adapted to the nature and circumstances of the dispute. [Citation.] Thus, a fair hearing before an administrative agency includes the opportunity to be heard, the right to cross-examine adverse witnesses and impartiality in ruling upon the evidence." *Goranson v. Department of Registration & Education*, 92 Ill. App. 3d at 501, 415 N.E.2d at 1253.

There is not oft-repeated maxim that a party is not entitled to a perfect trial but to a fair trial. The plaintiffs in the instant case received a fair hearing.

■ Lastly, the plaintiffs argue that a penalty of a two-year debarment is not justified in this case.

In considering this argument we make several observations. The plaintiffs had been in business some 20 to 25 years when they violated the Prevailing Wage Act. This violation in the instant case was a second violation. An examination of the testimony during the hearing clearly establishes the plaintiffs' culpability. As stated by the hearing officer, the guilt of the plaintiffs was proved "by an overwhelming preponderance of the evidence." The circuit court of Kankakee County affirmed the decision of the Department of Labor and the penalty imposed. The penalty imposed is permitted by the Prevailing Wage Act. We will not substitute our judgment for that of the Department of Labor and the circuit court by reducing the penalty imposed.

For the reasons set forth the decisions of the Department of Labor and the circuit court of Kankakee County are affirmed.

Affirmed.

BARRY and WOMBACHER, JJ., concur.