GLEN OGLE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Welded Tube of America, Appellee.)

First District (Industrial Commission Division)   No. 1—95—0441WC, 1—95—0442WC cons.

Opinion filed October 25, 1996—Rehearing denied December 17, 1996.

Braun, Lynch, Smith & Strobel, Ltd., of Chicago (John P. Bergin, of counsel), for appellant.

Lewis, Davidson & Hetherington, Ltd., and David A. Novoselsky & Associates, of Chicago (David A. Novoselsky and Margarita T. Kulys, of counsel), for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Claimant, Glen Ogle, filed a claim pursuant to the Illinois Workers' Compensation Act (Act) (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*) for injuries sustained on October 27, 1979, while employed by Welded Tube of America (employer). The arbitrator found claimant's accident was causally connected to his present condition of ill-being, and awarded him, *inter alia*, $252.49 per week in permanent total

disability (PTD) benefits for life, based upon an average weekly wage (AWW) of $378.73. The arbitrator also awarded claimant $1054.20 in moving expenses, which were characterized as medical treatment.

The Commission, with one dissent, determined that claimant's AWW was $253.04, and consequently reduced his PTD benefits to $168.69 per week. In reaching this decision, the Commission determined that fringe benefits and overtime should be excluded in calculating claimant's AWW. The Commission also denied claimant moving expenses as medical treatment.

The circuit court confirmed the Commission's exclusion of fringe benefits from the AWW calculation; however, it found that the Commission erred as a matter of law by excluding overtime hours from its calculation of AWW. The court ordered claimant's AWW increased to $313.93. The court also confirmed the Commission's denial of moving expenses as medical treatment.

The employer appeals from the circuit court's reversal of the Commission's exclusion of overtime hours from its AWW calculation. The claimant cross-appeals from the circuit court's affirmance of the Commission's exclusion of fringe benefits from its AWW calculation, and the Commission's denial of moving expenses as medical treatment. The appeals were consolidated, and we will address all issues raised therein.

■ Claimant first contends that the value of fringe benefits, *i.e.,* pension contributions, etc., should have been included in his AWW calculation. Claimant failed, however, to offer any evidence to establish that fringe benefits were paid to him by the employer based upon the number of hours commonly regarded as a day's work for his employment. In fact, these fringe benefits were paid not to claimant, but rather, paid directly to the union. Section 10(g) of the Act makes no reference to the inclusion of fringe benefits in determining an employee's compensation of "salary, wages or earnings." The language of a statute must be given its plain and ordinary meaning, and if legislative intent may be ascertained from the language itself, it must prevail. *Illinois Power Co. v. Mahin,* 72 Ill. 2d 189 (1978). It is not the function of this court to include the value of fringe benefits in the definition of earnings where the legislature has omitted such value from section 10(g). Therefore, we find that the Commission did not err in its exclusion of fringe benefits from the AWW calculation.

Claimant next contends that the Commission erred in excluding the hours compensated at overtime rate from his AWW calculation. Parties' rights under the Act are governed by the law in effect at the time of the injury. *Sroka v. Industrial Comm'n,* 412 Ill. 126, 131 (1952). It is undisputed that at the time of claimant's injury, sections

10(a) and (g) of the Act (Ill. Rev. Stat. 1979, ch. 48, pars. 138.10(a), (g)), which defines AWW by salary, wages or earnings, were in effect, and stated:

> "(a) The *compensation shall be computed on the basis of the annual earnings* which the injured person received as salary, wages or earnings if in the employment of the same employer continuously during the year next preceding the injury.

* * *

> (g) Earnings, for the purpose of this section, shall be based on the earnings for *the number of hours commonly regarded as a day's work* for that employment, and *shall exclude overtime earnings.*" (Emphasis added.)

■ Section 10(g) establishes that earnings are based upon the earnings for the number of hours commonly regarded as a day's work for that employment. We agree that overtime earnings are specifically excluded by the Act (*Kidd v. Industrial Comm'n*, 85 Ill. 2d 534, 537-38 (1981)); however, we note that the Act makes no mention of precluding compensation for overtime hours at straight time.

■ A Commission's wage determination is a question of fact which a reviewing court will not disturb on appeal unless it is contrary to the manifest weight of the evidence. *Peoria Roofing & Sheet Metal Co. v. Industrial Comm'n*, 181 Ill. App. 3d 616, 626 (1989). In order for a finding to be contrary to the manifest weight of the evidence, an opposite conclusion must be clearly apparent. *Mendota Township High School v. Industrial Comm'n*, 243 Ill. App. 3d 834, 836-37 (1993).

■ In the instant case, sufficient evidence exists to establish that claimant's normal work week was, on average, 48 hours. Claimant testified that he worked 48 hours, more or less, per week in the year preceding his injury. In addition, pursuant to the union contract, overtime was mandatory. Only after claimant has worked 48 hours or more is he neither required to work further overtime, nor disciplined for refusing overtime. Further, claimant could work less than 48 hours without being disciplined only at the employer's discretion. A wage statement indicates that claimant worked overtime 42 out of 52 weeks, and it identified the "number of hours employee scheduled to work per week" is 48. Under these circumstances, we do not believe that an eight-hour work day was commonly regarded as a day's work for claimant's employment.

We find further that the Commission incorrectly interpreted section 13.1 of article 13 of the union contract, as defining normal working hours as 8 hours per day, 40 hours per week. This section stated:

> "[t]he normal hours for regular production work shall be eight (8) hours per day, exclusive of lunch periods, and forty (40) hours per

week, Monday through Friday. This Article is intended *only to provide a basis for the calculation of overtime and is not to be construed as a guarantee of hours worked per day or per week.* The Company retains the right to require employees to work in excess of such daily and weekly periods upon reasonable notice \*\*\*." (Emphasis added.)

Because the union contract stated that 40 hours per week was intended only as "a basis for the calculation of overtime," we hold that the parties did not agree that an 8-hour work day, 40-hour work week was "normal" or was "commonly regarded as a day's work for that employment."

The fact that it was mandatory for claimant to work up to eight hours of overtime, coupled with the contents of the wage statement, leads us to conclude that claimant's work week was 48 hours per week. Therefore, we find that the Commission's decision to the contrary was against the manifest weight of the evidence. We hold, however, that overtime hours should be included in the AWW calculation at straight time, so as not to reflect overtime earnings.

■ Claimant lastly contends that the Commission erred in denying him moving expenses as medical treatment. An employer may be ordered to pay for treatment that is reasonably required to cure or relieve the effects of the accidental injury. *Quality Wood Products Corp. v. Industrial Comm'n*, 97 Ill. 2d 417, 423 (1983). What is reasonable is a question of fact to be determined on a case by case basis. *University of Illinois v. Industrial Comm'n*, 232 Ill. App. 3d 154, 164 (1992).

Claimant testified that due to the ice and snow of Illinois winters, he not only had difficulty getting to his doctors, but the cold intensified his pain. Dr. Wygant recommended that claimant "move to a more temperate climate, such as that found in the State of Tennessee, for medical reasons." Considering Tennessee winters also include cold temperatures, ice, and snow, and no evidence was introduced to establish that it has more temperate weather conditions than Illinois, it seems to be contrary to common sense that Dr. Wygant would recommend claimant move to a state that includes the same climatic conditions that allegedly greatly aggravate his disability. Under these circumstances, the Commission did not err in finding that the move was not medical treatment that would reasonably relieve claimant from the effects of his injury.

Based upon the foregoing, we affirm the order of the circuit court of Cook County. The employer's appeal from the circuit court's reversal of the Commission's exclusion of overtime hours from its AWW calculation is denied. The claimant's cross-appeal from the

circuit court's affirmance of the Commission's exclusion of fringe benefits from its AWW calculation, and the Commission's denial of moving expenses as medical treatment, is also denied.

Affirmed.

McCULLOUGH, P.J., and RAKOWSKI, COLWELL, and RARICK, JJ., concur.