EKCO, INC., Plaintiff-Appellant, v. JIM EDGAR, Secretary of State, *et al*, Defendant-Appellee.

Fourth District   No. 4—84—0225

Opinion filed August 12, 1985.

Gary L. Smith, of Douglas G. Brown, P.C., of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Imelda R. Terrazino, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE TRAPP delivered the opinion of the court:

After an administrative hearing, the Secretary of State assessed the plaintiff, Ekco, Inc., additional vehicle license fees under the International Registration Plan (IRP). Ekco sought administrative review of the Secretary's decision, but the circuit court of Sangamon County affirmed the assessment. On appeal, Ekco challenges the Secretary of State's authority under the IRP to assess additional fees and also the constitutionality of both the IRP and the Secretary's interpretation of it. Because we reject the Secretary's construction of the IRP, we find it unnecessary to address the constitutional issues.

Section 3—402.4 of the Illinois Vehicle Code authorizes the Secretary of State to enter into agreements with other jurisdictions for proportional registration of vehicles. (Ill. Rev. Stat. 1983, ch. 95½, par. 3—402.4.) In 1977, the Secretary entered into the IRP and formally adopted it as an administrative rule. The province of Alberta, Canada, and 25 other States are also members of the plan. Under the IRP, an operator of a vehicle need only register in one jurisdiction, the "base jurisdiction." The registrant does not have to pay the full vehicle license fee to each IRP member in which he intends to operate. Instead, he determines the percentage of his total mileage, including miles traveled in non-IRP jurisdictions, that he traveled in each member jurisdiction. He then pays to each member jurisdiction that percentage of the jurisdiction's licensing fee.

Although the registration fee is to be based on the mileage actually traveled in each jurisdiction, the fee is due prior to the start of the registration year. The mileage for that year, therefore, must be estimated. For the initial registration year, an operator must estimate his mileage based on his anticipated business. The base jurisdiction may adjust assessment if not satisfied with its correctness. For registration years after the first year, the fee is based on the actual mileage of the preceding year.

Ekco filed its initial application for the 1980 registration year. After contacting prospective customers, Ekco estimated its mileage. As Ekco's base jurisdiction, Illinois collected its fee and the fee for eight other IRP States in which Ekco planned to operate. When Ekco's anticipated business failed to materialize, Ekco solicited other business. The Secretary of State performed a routine audit on Ekco's records in 1981. The audit disclosed Ekco had substantially underestimated the percentage of its total mileage that it traveled in Illinois during

the 1980 registration year. On the other hand, Ekco had overestimated its mileage in the eight other IRP States and several non-IRP States. Based on the audit, the Secretary of State assessed Ekco an additional $16,806.27 for licensing fees for the 1980 registration year. According to the audit, Ekco had overpaid the other IRP States $1,687.73. The Secretary refused to give Ekco any credit for this amount. Ekco attempted to obtain a refund from the other IRP States. The Missouri Highway Reciprocity Commission responded in a letter, stating the IRP did not allow "adjustments of applying audit percent changes found in one mileage reporting period for a respective registration year audit to be applied to a previous registration year." The other seven States also informed Ekco that they did not audit first year applications.

An administrative hearing was held on February 10, 1982. Because a tape recorder malfunctioned, an accurate transcript could not be made. A second hearing was held on July 7. A hearing officer decided the assessment was proper, and the Secretary of State later affirmed the assessment.

Ekco maintains the Secretary of State does not have authority under the IRP to reassess first year fees on the basis of a registrant's actual mileage during the first year. Section VIII of the IRP states:

"Initial application for proportional registration shall state the mileage data in all jurisdictions for the preceding year with respect to such vehicle or vehicles. If no operations were conducted with such vehicle or vehicles during the preceding year, the application shall contain a full statement of the proposed method of operation and estimates of annual mileage in each of the jurisdictions. The registrant shall determine the in-jurisdiction and total mileage to be used in computing the proportional registration fee for the vehicle or vehicles. The base jurisdiction Commissioner may adjust the estimate in the application if the base jurisdiction Commissioner is not satisfied with its correctness."

Ekco interprets this section to mean fees for the original application may be adjusted only at the time that the application is filed. In support of its argument, Ekco notes Missouri and seven other IRP states do not perform audits or adjustment of first year fees.

The Secretary of State notes that the legislature gave him broad discretion to conduct audits to determine whether any tax is due to the State. (Ill. Rev. Stat. 1983, ch. 95½, pars. 2—124, 3—402.2.) He contends the IRP does not limit his power. He argues section VIII applies only to adjustments of first year estimates and does not prohibit

audits of first year applications. He notes section XIV allows audits to be performed "at such time and frequency as determined by the base jurisdiction."

The court in *National Transportation, Inc. v. Howlett* (1976), 37 Ill. App. 3d 249, 345 N.E.2d 767, faced an almost identical situation under the predecessor to the IRP, the Uniform Vehicle Registration Proration and Reciprocity Agreement (Uniform Compact). Section 50 of the Uniform Compact provided for members to base first year fees on estimates of first year mileage. Section 60 authorized members to perform audits to determine whether improper fees had been paid. The plaintiff in *National Transportation* contended the Secretary of State had improperly reassessed its first-year fees. The plaintiff relied on letters from three Compact States, which indicated fees of first-year applicants were not to be readjusted. The court found the letters unpersuasive because of their informal nature and the fact that they were from only three of the 14 Compact States in which the plaintiff operated. The court found the Secretary of State's interpretation was entitled to deference because the legislature had entrusted him with the authority to analyze reciprocity statutes to determine whether reciprocity should be granted. The court held section 50 of the Uniform Compact did not address the question of whether first year fees could be reassessed on the basis of actual mileage. The court noted section 60 was not limited to audits of fees subsequent to the first year. Because the Uniform Compact was designed to provide adequate revenue to each member State to compensate it for the use of its roads, the court concluded section 60 had to be construed to allow audits of first year fees.

The Secretary of State simply continued his practice of reassessing first year fees under the IRP. Upon the authority of *National Transportation*, he maintains he correctly interpreted the IRP. A significant difference between the IRP and the Uniform Compact, however, prevents us from simply following the *National Transportation* decision. Along with the IRP, Uniform Operational Audit Procedure Guidelines were promulgated. Although the Secretary labeled these guidelines as informal, section XIV of the IRP states they are incorporated by reference.

Paragraph 6 of guideline IV originally provided:

"For new operations, registrants who file apportioned registration applications based on estimated mileage may not be audited as to accuracy of mileage for the first year but may be audited for proper record maintenance. However, that same registrant will be subject to audit on actual miles traveled dur-

ing the preceding period ending August 31, regardless of the number of months operated."

Ekco asserts the first sentence clearly prohibits audits to adjust first year fees. The Secretary notes the second sentence permits audits of first year mileage and argues it contradicts the first sentence. The Secretary concludes the guideline is ambiguous and requires interpretation by the various IRP jurisdictions. Relying solely on the second sentence, the Secretary interpreted the guideline to permit reassessment of first year fees.

■■ ■ Administrative rules are to be construed under the same standards which govern the construction of statutes. An agency's interpretation of its own rules will be accorded deference unless clearly erroneous, arbitrary, or unreasonable. (*Inwang v. Community College District No. 508* (1983), 117 Ill. App. 3d 608, 453 N.E.2d 896.) A statute or rule must be read, if possible, so that no word, clause or sentence is rendered superfluous or meaningless. (*Kozak v. Retirement Board* (1981), 99 Ill. App. 3d 1015, 425 N.E.2d 1371.) The Secretary's interpretation renders the first sentence of the guideline totally meaningless. Yet, the two sentences need not be construed as contradictory. As previously indicated, the first year fees are calculated on the basis of estimated mileage. The first sentence of the guideline prohibits audits to determine the accuracy of estimated mileage. The fee for the second year, however, is based upon the actual mileage of the first year. A registration year ends on August 31. To insure that the proper fees are paid for the second year, the second sentence of the guideline allows audits of the first year's actual mileage. When a statute or rule can reasonably be interpreted so as to give effect to all of its provisions, a court will not adopt a strained reading which renders one part superfluous. *Panarese v. Hosty* (1982), 104 Ill. App. 3d 627, 432 N.E.2d 1333.

■ Furthermore, an amendment to the IRP negates the Secretary of State's interpretation. The Secretary audited Ekco on September 9, 1981. On December 18, 1981, prior to any of the hearings in the instant case, the IRP guideline was clarified by the addition of the following sentence:

"Such audit shall apply only to the second application for apportioned registration that reflects the above information and shall not apply to any previous estimated applications."

Thus, during the pendency of this dispute, the Secretary knew his construction of the IRP differed from that adopted by the IRP members. In construing a statute, courts may consider subsequent amendments. (*City of East Peoria v. Group Five Development Co.* (1981), 87

Ill. 2d 42, 429 N.E.2d 492.) We, therefore, construe the guideline to allow audits of first year mileage to determine the proper amount of second year fees but not to reassess first year fees.

Ekco also seeks to recover attorney fees which it incurred due to the necessity of holding a second administrative hearing. Ekco contends the Secretary of State failed to follow its own rule requiring court reporters at all hearings. Ekco relies on the following statute:

"In any case in which a party has any administrative rule invalidated by a court for any reason, including but not limited to the agency's exceeding its statutory authority or the agency's failure to follow statutory procedures in the adoption of the rule, the court shall award the party bringing the action the reasonable expenses of the litigation, including reasonable attorney's fees." Ill. Rev. Stat. 1983, ch. 127, par. 1014.1(b).

Statutes which permit recovery of attorney fees are in derogation of the common law and are strictly construed. (*Department of Revenue v. Appellate Court* (1977), 67 Ill. 2d 392, 367 N.E.2d 1302.) The statute does not permit recovery simply because the agency failed to follow its own rule. In an effort to bring this case within the statute, Ekco contends that the Secretary's use of tape recorders constitutes a new unwritten rule. He contends this new rule is invalid because the Secretary did not follow the proper statutory procedures in adopting the rule. An agency rule is a statement of general applicability that implements, applies, interprets or prescribes law or policy. (Ill. Rev. Stat. 1983, ch. 27, par. 1003.09.) Nothing in the record demonstrates tape recorders have been used at any other hearing. A single use cannot be considered a statement of general applicability. Ekco, therefore, is not entitled to attorney fees.

For the foregoing reasons, that portion of the trial court's order affirming the Secretary of State's assessment is reversed, but that portion denying the plaintiff attorney fees is affirmed.

Affirmed in part; reversed in part.

GREEN, P.J., and MILLS, J., concur.