DU PAGE AREA VOCATIONAL EDUCATION AUTHORITY, Petitioner, v. STATE OF ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD *et al.*, Respondents.

Fourth District No. 4—87—0581

Opinion filed April 14, 1988.—Rehearing denied May 17, 1988.

Justino D. Petrarca and Raymond A. Hauser, both of Scariano, Kula, Ellch & Himes, Chartered, of Chicago, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, Bret A. Rappaport, Assistant Attorney General, and Randi Hammer Abramsky, of Illinois Educational Labor Relations Board, all of Chicago, of counsel), for respondent Illinois Educational Labor Relations Board.

Gregory J. Malovance and Jane Clark Casey, both of Winston & Strawn, of Chicago, for respondent DAVEA Education Association.

JUSTICE LUND delivered the opinion of the court:

The Education Association (DAVEA), IEA/NEA (association), filed an amended petition for representation pursuant to section 7(c) of the Illinois Educational Labor Relations Act (Act) (Ill. Rev. Stat. 1985, ch.

48, par. 1707(c)), seeking to add certain nonprofessional employees to the existing bargaining unit it represented. The employer and petitioner in this cause, the Du Page Area Vocational Education Authority, filed objections to the substance and procedure of the election process. The Illinois Educational Labor Relations Board (Board) entered an order on April 30, 1987 (*Du Page Area Vocational Educational Authority*, 3 Pub. Employee Rep. (Ill.) par. 1050, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board, April 30, 1987)), which dismissed the school district's objections and ordered an election to proceed according to the authority of the Act. (Ill. Rev. Stat. 1985, ch. 48, par. 1701 *et seq.*) Following the election and the resulting certification of the association as the bargaining representative of the nonprofessional employees, the employer filed the instant petition for administrative review.

Initially, we set forth the proceedings following the April 30, 1987, order. (*Du Page Area Vocational Educational Authority*, 3 Pub. Employee Rep. (Ill.) par. 1050, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board, April 30, 1987).) The employer moved for a stay of the election, or in the alternative, for impoundment of the ballots. On May 27, 1987, the employer filed a petition for court review of the April 30, 1987, order of the Board. (*Du Page Area Vocational Educational Authority*, 3 Pub. Employee Rep. (Ill.) par. 1050, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board, April 30, 1987).) The employer's motion for a stay before the Board was denied on June 9, 1987. (*Du Page Area Vocational Education Authority*, 3 Pub. Employee Rep. (Ill.) par. 1080, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board, June 9, 1987).) The Board determined that there was no final agency action in the representation process encompassed in sections 7 and 8 of the Act (Ill. Rev. Stat. 1985, ch. 48, pars. 1707, 1708) until the results of an election have been certified by the Board. On June 25, 1987, the employer's appeal to this court for review of the Board's April 30, 1987, order was voluntarily dismissed on the employer's motion without a decision on the merits.

The legislature recently amended section 7 of the Act (Pub. Act. 85—924, eff. July 1, 1988 (amending Ill. Rev. Stat. 1985, ch. 48, par. 1707)). The amendment clarifies what is a final order with respect to a petition for representation. We note the procedure described by the Board in its order of June 9, 1987, agrees with the legislative amendment. (*Du Page Area Vocational Education Authority*, 3 Pub. Employee Rep. (Ill.) par. 1080, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board, June 9, 1987).) See also *Board of*

*Regents v. Illinois Educational Labor Relations Board* (1988), 166 Ill. App. 3d 730.

The election was held on June 12, 1987. The election results, as indicated by the official tally, showed 22 eligible voters, 17 valid ballots, 10 votes "for inclusion in a bargaining unit that includes both professional and nonprofessional employees," and 7 votes "cast against inclusion in a bargaining unit that includes both professional and nonprofessional employees." On June 19, 1987, the employer filed objections to the election alleging improper conduct on the part of the association. The objections were overruled on July 2, 1987 (*Du Page Area Education Authority*, 3 Pub. Employee Rep. (Ill.) par. 1087, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board, Executive Director, July 2, 1987)), and the Board's Executive Director certified the results on July 14, 1987, pursuant to section 8 of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 1708). This petition for review followed.

The arguments raised deal with the matters decided by the Board in its April 30, 1987, order (*Du Page Area Vocational Educational Authority*, 3 Pub. Employee Rep. (Ill.) par. 1050, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board, April 30, 1987)) which determined that the proposed bargaining unit was an appropriate one under section 7 of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 1707), and with the election as conducted.

The employer alleges six reasons why this court should reverse the Board's determination and set aside the election and the Board's certification. The reasons are as follows: (1) the petition for representation failed to allege on its face that the bargaining unit includes both professional and nonprofessional employees; (2) the Board's finding that the bargaining unit is appropriate is against the manifest weight of the evidence; (3) no authority exists under the Act for the self-determination election sought by the employer and ordered by the Board; (4) the petition should have been dismissed because it was not supported by a 30% showing of interest in the proposed unit; (5) the professionals in the existing unit should have been given the opportunity to vote on inclusion in a unit of professionals and nonprofessionals; and (6) the hearing officer failed to timely issue a recommended decision and order.

For purposes of this opinion, we will be referring to three groups of employees. One group is composed of employees in positions within a recognized, existing bargaining unit (see Ill. Rev. Stat. 1985, ch. 48, par. 1702(d)), consisting of 36 certified teachers, as well as 11 teachers' aides and 3 technicians. (*Du Page Area Vocational Educational*

*Authority,* 3 Pub. Employee Rep. (Ill.) par. 1050, at VII—143 n.1, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board, April 30, 1987).) The professional group came into being in 1982. Prior to 1982, no official organization represented the employees of the employer. In 1982, an election was held among the full-time teaching professionals and specified nonprofessionals involved directly in the education process—regular part-time teachers, teachers' aides, and technicians. A majority of both subgroups voted for the association to be their bargaining representative. Since 1982, the association has been the exclusive bargaining representative of this professional group. No other elections were held until the 1987 contested election.

The second group, sought by the petition and included in the contested election, is composed of entirely nonprofessionals, including clerical, custodial, and other support employees. The third group includes those properly excluded from a bargaining unit, *i.e.,* employees basically concerned with administration. This third group is not affected by the contested election or prior elections. There are approximately 50 people in the existing bargaining unit and approximately 22 people in the nonprofessional group the association sought to add. All of the employer's employees fall into one of these three groups. Therefore, if the 1987 election is valid, then the association will represent all of the employer's employees, except those properly excluded, in one "wall-to-wall" bargaining unit.

The amended petition filed February 18, 1986, was a completed one-page form prepared by the Board. The association included an attachment, which provided:

"The Association seeks a self-determination election solely among those holding positions which will be added to the existing unit if the Association prevails. The voting group should include all DAVEA employees except full-time and regularly employed part-time certificated teaching personnel, teacher aides and technicians (who are already represented within the existing unit) and those employees described below as 'Excluded.'

Proposed unit

Included: All DAVEA employees except those specifically excluded.

Excluded: Director, Assistant Director, Business Manager, Auditor of Accounts, Division Managers, Executive Secretary to the Director, Executive Secretary to the Auditor of Accounts, Building and Grounds Supervisor, Public Information/Relations Representative, and students of Employer's member school districts."

In addition, on page one of the petition, the "present" unit was described as including:

> "All full-time and regularly employed part-time certificated teaching personnel, teachers aides, and technicians."

Prior to a hearing on the employer's objections to the petition, the parties submitted a stipulation. Included were the following stipulated facts:

> "C. The Association is the exclusive bargaining representative for all full-time and regularly employed part-time certificated teaching personnel, teachers aides, and technicians employed by Employer, except the Director, Assistant Director, Business Manager, Auditor of Accounts, and Division Managers.
>
> D. On February 18, 1986, the Association filed with the Illinois Educational Labor Relations Board ('IELRB') a petition seeking a self-determination election among Employer's clerks, housekeepers, secretaries, custodians, and maintenance employees, to determine whether they wish to be represented for collective bargaining purposes by the Association as part of the existing bargaining unit."

The Board dismissed the employer's objections after the hearing. *Du Page Area Education Authority*, 3 Pub. Employee Rep. (Ill.) par. 1087, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board Executive Director, July 2, 1987).

The employer first contends the petition is legally insufficient because the employees described in the February 1986 petition are not labelled as "professionals" or "nonprofessionals." The employer cites the Board's regulations in support. In particular, the employer cites section 1110.120(d) of the Illinois Administrative Code (80 Ill. Adm. Code 1110.120(d) (1985)), which states, in relevant part:

> "Whenever a petition is filed alleging a bargaining unit that includes professional and nonprofessional employees, the petition shall so state."

Presumably, this rule relates to section 7 of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 1707), which provides, in part:

> "The Board is empowered to administer the recognition of bargaining representatives of employees of public school districts, *** making certain that each bargaining unit [1] contains employees with an identifiable community of interest and [2] *that no unit includes both professional employees and nonprofessional employees unless a majority of employees in each group vote for inclusion in the unit*." (Emphasis added.)

The employer argues the failure to use the terms "nonprofessional" and "professional" in the petition is contrary to the requirements of section 1110.120(d) and is fatal. We reject this argument, as did the Board. *Du Page Area Vocational Educational Authority*, 3 Pub. Employee Rep. (Ill.) par. 1050, at VII—142, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board, April 30, 1987).

■■ ■ We recognize the Board must comply with procedures and rules dictated by statute or promulgated by administrative rule. (*Ragano v. Civil Service Comm'n* (1980), 80 Ill. App. 3d 523, 527, 400 N.E.2d 97, 100.) However, an interpretation by the Board of its own rules is entitled to deference, and it should not be reversed unless it is clearly erroneous, arbitrary, or unreasonable. (*Ekco, Inc. v. Edgar* (1985), 135 Ill. App. 3d 557, 561, 482 N.E.2d 130, 133.) We find section 1110.120(d) to be procedural in nature. It was intended to implement compliance with section 7 of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 1707) by insuring that employees are aware of the nature of the composition of the proposed bargaining unit. In finding adequate compliance with the rule, the Board recognized that the contents of the February 18, 1986, petition clearly indicated the professional composition of the existing unit without using the specific terminology. This interpretation of the rule is reasonable and consistent with its purpose and, therefore, within the limits of the Board's discretion. See *People ex rel. Terry v. Fisher* (1957), 12 Ill. 2d 231, 236, 145 N.E.2d 588, 592; *Sinnock v. Board of Fire & Police Commissioners* (1985), 131 Ill. App. 3d 854, 857, 476 N.E.2d 492, 495.

The employer next contends the Board's determination that the proposed bargaining unit is appropriate is against the manifest weight of the evidence. In essence, the employer argues the differences between the professional group and the nonprofessional group are too substantial. The employer suggests that the different nature of the employment between the two groups, as emphasized by the different educational requirements, coupled with the lack of common supervision, makes the combined unit illogical. Student contact is different. There cannot be job substitution between the two groups. Wages, hours, and other working conditions are not consistent. The teaching school year is different than the work year for the employees the association sought to add. Retirement benefits are different, as are various other benefits. The employer also points to the "historic" pattern of successful bargaining with the existing bargaining unit. Adding these nonprofessional employees, the employer continues, will disrupt the stable and successful pattern of bargaining.

■ The Board must determine whether a bargaining unit is ap-

propriate to represent the interests of the affected employees in the collective-bargaining process. (Ill. Rev. Stat. 1985, ch. 48, par. 1707.) Section 7(a) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 1707(a)) describes the Board's duty in making such a determination:

> "In determining the appropriateness of a unit, the Board shall decide in each case, *** the unit appropriate for the purpose of collective bargaining, based upon but not limited to such factors as historical pattern of recognition, community of interest, including employee skills and functions, degree of functional integration, interchangeability and contact among employees, common supervision, wages, hours and other working conditions of the employees involved, and the desires of the employees. Nothing in this Act shall interfere with or negate the current representation rights or patterns and practices of employee organizations which have historically represented employees for the purposes of collective bargaining, *** unless a majority of the employees so represented expresses a contrary desire under the procedures set forth in this Act. *** Notwithstanding the above factors, where the majority of public employees of a craft so decide, the Board shall designate such craft as a unit appropriate for the purposes of collective bargaining."

In addition, section 7 requires that a bargaining unit be made up of "employees with an identifiable community of interest." Ill. Rev. Stat. 1985, ch. 48, par. 1707; 80 Ill. Adm. Code 1110.120 (1985) (bargaining unit determinations).

 █ We need not recite in detail the evidence in the record as to each particular factor. The hearing officer, in her October 7, 1986, recommended decision and order, carefully analyzed the differences and similarities between the professional group and the nonprofessional group. (*Du Page Area Vocational Education Authority*, 2 Pub. Employee Rep. (Ill.) par. 1130, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board Hearing Officer, Oct. 7, 1986).) In combining all employees, except those who must be properly excluded because of their relationship to management, into one "wall-to-wall" bargaining unit, certain differentiating characteristics may be sacrificed. The benefits may be profound, especially in a small school district such as the employer's. The hearing officer correctly emphasized this:

> "Wall-to-Wall units, by their very nature require that parties relinquish some of the stronger indicia of community of interest among the employees in favor of the convenience of negotiating

a single contract. In recognizing the appropriateness of such units, the IELRB noted this in its decision in *Alton Community Unit School District No. 11*, 2 PERI 1048, Case No. 85—RC—0012—S (IELRB Opinion and Order, March 11, 1986):

> It is our hope that any practical difficulties encountered in bargaining simultaneously for the different subgroups within such a unit will be more than compensated for by the convenience and efficiency of the single set of bargaining sessions and by the administration of the resulting single, comprehensive bargaining agreement." (*Du Page Area Vocational Education Authority*, 2 Pub. Employee Rep. (Ill.) par. 1130, at VII—388, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board Hearing Officer, Oct. 7, 1986).)

She then summarized the facts which pointed to a sufficient showing of a community of interest within the proposed bargaining unit:

> "All of the employees work in the same building and therefore have both regular and incidental contact with each other as well as with students. They enjoy comparable terms and conditions of employment in the areas of wages, hours and benefits. For reasons of convenience and economy, they enjoy the same health and life insurance benefits. The hourly wages of the teachers' aides and technicians are within the ranges of hourly wages for the disputed employees. Teachers do not receive overtime pay but are eligible for extra-duty stipends. Other bargaining unit employees and all of the disputed employees do not receive extra duty stipends but are paid overtime wages. All of the employees work about the same number of hours each day. All DAVEA employees receive two personal business days annually. They receive a comparable number of sick days. All DAVEA employees are eligible for civic duty leaves as well as for sabbatical leaves. They receive tuition reimbursement under the same conditions. While the teachers and teachers' aides must have certificates and some college education, these requirements do not apply to the technicians who are in the unit and the disputed employees.
>
> The minor differences in the terms and conditions of employment of these employees stem largely from the differing nature of their positions and affect entire groups of employees regardless of their status as bargaining unit members. I do not find that these differences disturb the minimal community of interest shared by these employees. Moreover, these differences

do not outweigh the similarities that I found in the terms and conditions of employment of these employees." (*Du Page Area Vocational Education Authority*, 2 Pub. Employee Rep. (Ill.) par. 1130, at VII—388, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board Hearing Officer, Oct. 7, 1986).) The Board adopted the hearing officer's findings and conclusions in its April 30, 1987, order. *Du Page Area Vocational Educational Authority*, 3 Pub. Employee Rep. (Ill.) par. 1050, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board, April 30, 1987).

Findings and conclusions of the administrative agency on questions of fact are considered *prima facie* true and correct. (Ill. Rev. Stat. 1985, ch. 110, par. 3—110; *Murdy v. Edgar* (1984), 103 Ill. 2d 384, 391, 469 N.E.2d 1085, 1088; *Board of Education of Plainfield Consolidated School District No. 202 v. Illinois Educational Labor Relations Board* (1986), 143 Ill. App. 3d 898, 906, 493 N.E.2d 1130, 1135-36.) Courts may not interfere with the discretionary authority vested in an administrative agency unless that authority is exercised in an arbitrary or capricious manner, or the administrative decision is contrary to the manifest weight of the evidence. *Murdy*, 103 Ill. 2d at 391, 469 N.E.2d at 1088.

Our examination of the record indicates that the Board's findings, adopted from the hearing officer's report, were not arbitrary or capricious and not against the manifest weight of the evidence. By this holding, we specifically recognize that the benefit or disadvantage of a single bargaining unit, made up of different employee subgroups, which can negotiate a single comprehensive bargaining agreement, is a factor the Board can consider in determining "community of interest." It is true that the existence of the single unit might be a disadvantage to the bargaining employer. However, the statute makes it clear that community of interest must be judged by the interests of the various employee groups. See Ill. Rev. Stat. 1985, ch. 48, par. 1707; 80 Ill. Adm. Code 1110.120 (1985) (bargaining unit determinations).

■■■ The employer's next three arguments are related. Concisely, the employer argues the Board misapplied the statutory procedure in that there is no authority under the Act for allowing the nonprofessional group to determine, in their sole discretion, that they wish to be represented by the association in the existing unit.

The election which took place is similar to what occurs under the accretion doctrine developed in Federal labor cases. Under this doctrine, the National Labor Relations Board (NLRB) may add employees to an existing bargaining unit *without* an election. However, there

must be a finding of community of interest between the existing group and the added employees. (1 C. Morris, The Developing Labor Law 422-23 & nn.43 through 47 (2d ed. 1983).) Moreover, the doctrine is limited where the new employees constitute a separate identifiable unit. (See generally 48 Am. Jur. 2d *Labor & Labor Relations* §663 (1979).) The NLRB has reaffirmed the principle that it follows a restrictive policy in finding accretions. (C. Morris, The Developing Labor Law 147 & n.36 (2d ed. Supp. 1982-85).) Here the Act does not provide for the addition of employees by accretion; it does not provide any specific method for adding employees to an already existing bargaining unit. Neither do the rules promulgated by the Board directly address the situation at hand. But see 80 Ill. Adm. Code 1110.160 (1985) (petitions to amend or clarify bargaining unit).

The Act is unique in that it was promulgated to address the issues involved in labor relations between employers and employees in the field of education. (Ill. Rev. Stat. 1985, ch. 48, par. 1701.) For our discussion, the relevant part of section 7 of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 1707) is as follows:

"The Board is empowered to administer the recognition of bargaining representatives of employees of public school districts, *** making certain that each bargaining unit contains employees with an identifiable community of interest and that no unit includes both professional employees and nonprofessional employees unless a majority of employees in each group vote for inclusion in the unit.

* * *

(c) A labor organization may also gain recognition as the exclusive representative by an election of the employees in the unit. Petitions requesting an election may be filed with the Board:

(1) by an employee or group of employees or any labor organizations acting on their behalf alleging and presenting evidence that 30% or more of the employees in a bargaining unit wish to be represented for collective bargaining or that the labor organization which has been acting as the exclusive bargaining representative is no longer representative of a majority of the employees in the unit."

The employer's third objection evolves from a narrow reading of the statute. The employer argues the Act requires a vote of all the employees involved, rather than just the unrepresented nonprofessional employees in the group the association sought to add to the existing unit, in order to approve the addition of the nonprofessional

group to the bargaining unit. *We note that, in this argument, the employer does not rely on any distinction between professional employees and nonprofessional employees.* That distinction is addressed in the employer's fifth argument. We decline to impose such a strict interpretation on the above-quoted language.

In certain contexts, we have held that the policies and decisions of Federal labor law should apply to similar situations under the Act. (See *Board of Education of Plainfield Consolidated School District No. 202 v. Illinois Educational Labor Relations Board* (1986), 143 Ill. App. 3d 898, 493 N.E.2d 1130.) It is appropriate here to rely on Federal labor law principles. We find the Act grants the Board a fair measure of discretion to utilize appropriate procedures for adding elements to already existing bargaining units. The policies and limits generally applicable under the accretion doctrine may be applied in the context of the Act, where appropriate. In proper circumstances, where the Board determines (1) an appropriate community of interest exists, (2) an appropriate bargaining unit would be maintained by the addition of certain employees, and (3) no question of representation exists, then the Board may add such employees without a general election of the combined, proposed bargaining unit. The clear limitation upon such discretion is that, if the additional employees are different in nature than those in the existing bargaining unit, *i.e.,* nonprofessional as opposed to professional, then the approval of both groups is required. This is no more than the clear mandate of the statute. Ill. Rev. Stat. 1985, ch. 48, par. 1707.

■ The employer's fourth argument is that the Board failed to require a 30% showing of interest by the entire proposed bargaining unit before proceeding to an election. The employer contends the Act requires a petition for representation to be supported by 30% of all employees in a proposed bargaining unit. The Board required a showing of 30% support only from the nonprofessional group which the association sought to add to the existing bargaining unit. We again determine that the Act gives the Board discretion in this area; the employer's interpretation of the Act is unduly restrictive.

The Act does not clearly indicate a 30% showing from an entire proposed bargaining unit when the issue is the addition of unrepresented employees to an existing unit. The rules are also inapposite. The Board rationalized that the rights of the smaller nonprofessional group would be protected by requiring the 30% showing from them:

> "[W]e [have previously] held that a self-determination election petition must be supported by 'an adequate showing of interest among the group the petitioner proposes to add to the unit.'

With such a petition, there is no question of representation in the existing unit—there is only a question of representation among the employees sought to be added. Consequently, that is the group for which the showing of interest must be provided." (*Du Page Area Vocational Educational Authority*, 3 Pub. Employee Rep. (Ill.) par. 1050, at VII—142, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board, April 30, 1987).)

The employees in the existing bargaining unit have already voted for the association as their representative. Similarly, the unrepresented nonprofessional employees must be able to freely indicate their support, or lack of it, for representation, either in the existing unit, or a unit of their own; and must have an avenue by which to invoke the Board's procedures toward this end.

The employer's fifth argument is that the employees in the existing bargaining unit should have been allowed to vote on the addition of the unrepresented nonprofessional group. We agree. The argument points to the clear mandate of the Act. Ill. Rev. Stat. 1985, ch. 48, par. 1707.

The 1982 election did not qualify as approval to add the unrepresented nonprofessional employees involved in the instant case. Our examination of the record indicates that the April 1982 election submitted three issues for voting. The first issue provided a choice between representation by the association, or no representation. The second issue consisted of the following question:

"If the Du Page Area Vocational Education Association-IEA/NEA—Professional Staff—(certified employees) unit and the Non-professional Staff (Teacher Aides, Technicians, & regular Part-time Employees) unit choose the same Bargaining Representative at this election, shall the two units be combined for Collective Bargaining purposes?"

The third issue was a variance of the second:

"If the Du Page Area Vocational Education Association-IEA/NEA—Non-professional Staff—(Teacher Aides, Technicians, regular Part-Time Employees) unit and the Professional Staff—(certified employees) unit choose the same Bargaining Representative at this election, shall the two units be combined for Collective Bargaining purposes?"

The 1982 election only included nonprofessionals who were closely related to the classroom activities. There is a distinct difference in the nature of the nonprofessionals. Because of the faulty election procedure, we, therefore, order the certification vacated and remand the

cause for a separate vote by the employees in the preexisting bargaining unit and by the unrepresented nonprofessional employees.

■■ The employer's final argument relates to the tardiness of the hearing officer's recommended decision and order. Section 1110.100(h) of the Illinois Administrative Code (80 Ill. Adm. Code 1110.100(h) (1985)) provides a time limit in which a hearing officer must issue a recommended decision. The time limit was exceeded in the instant case. If we accept the employer's argument, void the proceedings below and require a new hearing, we defeat the purpose of imposing a time limit. The parties would have gained nothing at this juncture for all their effort. Section 1110.100(h) was created as a measure of internal administration. The Board rejected this argument in ruling on objections to the hearing officer's recommended decision, finding the failure to meet the time requirement in the rule did not mandate vacating the hearing officer's decision. (*Du Page Area Vocational Educational Authority*, 3 Pub. Employee Rep. (Ill.) par. 1050, at VII—142, case No. 86—RC—0021—C (Illinois Educational Labor Relations Board, April 30, 1987).) We agree.

Reversed and remanded with directions.

GREEN, P.J., and KNECHT, J., concur.