J. & A. POCIASK CARTAGE, INC., Plaintiff-Appellant, v. JIM EDGAR, Secretary of State, Defendant-Appellee.

First District (5th Division)   No. 1—89—3457

Opinion filed November 2, 1990.—Rehearing denied November 29, 1990.

Kurt E. Vragel, Jr., of Kurt E. Vragel, Jr., P.C., of Glenview, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, of Chicago, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Petitioner, J. & A. Pociask Cartage, Inc. (Pociask), filed a complaint for administrative review of a decision by the defendant Jim Edgar, Secretary of State, State of Illinois (Secretary), assessing additional registration fees totaling $5,809.37 on trucks owned by Pociask for the year 1987. The circuit court dismissed the action for lack of jurisdiction. Pociask appeals the decision of the trial court.

The facts are as follows.

On July 1, 1986, Pociask applied for registration of its trucks with the Secretary. It did so under the International Registration Plan (IRP). (92 Ill. Adm. Code §1010 App. B et seq. (1985).) The IRP is a reciprocity program among certain States and Canada. Under the IRP, an applicant registers to operate in several States by filing an application with a single State. That State, in turn, calculates the license fees owed to each other State by the applicant, issues license tags and reg-

istrations to the applicant, and disburses the proportional share of the applicant's fees to those other States. Fees are computed according to a formula based on the miles traveled in each State and on the State's rate formula. The applicant is then registered to operate in the several States in which it has chosen to operate. The IRP was drafted and adopted to resolve administrative and regulatory problems in the registering of trucks engaged in interstate and foreign commerce. Although the registration fee is based on the mileage actually traveled in each jurisdiction, the fee is due prior to the start of the registration year. Therefore, the applicant's initial registration must estimate mileage based on anticipated business. For registration years after the first year, the fee is based on the actual mileage of the preceding year.

The July 1, 1986, registration, Pociask's first, was effective for the remainder of the 1986 calendar year. In accordance with the plan, Pociask estimated on its initial application the number of miles to be traveled during the remainder of 1986. The procedural guidelines to the IRP specifically state that registrants who file apportioned registration applications based on estimated mileage may not be audited as to accuracy of mileage for the first registration year.

In December 1986, Pociask filed its second-year registration with the Secretary. Pociask used estimates of mileage to be traveled during the year 1987 on its second-year application.

In June of 1988, the Secretary audited Pociask for the year 1987. The Secretary used the actual miles traveled by Pociask between July 1986 and June 1987. Based on the audit, the Secretary assessed a deficiency in the amount of $5,809.37. The assessment amount was based on discrepancies between the miles estimated for the year 1986 by Pociask in his initial application and the actual miles traveled during that time.

Pociask objected to the audit. The hearing officer sustained the audit finding additional fees, interest and audit expenses totalling $5,809.37. The Secretary adopted the findings and recommendations of the hearing officer.

On June 7, 1989, Pociask filed his complaint for administrative review in the circuit court of Cook County. The Secretary filed a motion to dismiss based on jurisdictional grounds. The trial court granted the motion to dismiss, concluding that it lacked jurisdiction. In addition, the trial court stated in its final order that "even if this court had jurisdiction it would support the findings of the hearing officer and would not modify the Secretary's order against petitioner."

Pociask has filed a timely appeal from the trial court's order.

■■ On appeal the Secretary does not contest the jurisdictional

points. The Secretary points out that the final decision is subject to administrative review pursuant to sections 2—118(e) and 2—124(j) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, pars. 2—118(e), 2—124(j)).

The only other point raised on appeal is whether the Secretary properly followed Illinois law in his final order. Pociask argues that the Secretary did not and the Secretary urges that he did. We conclude that the Secretary did follow the law, and therefore, we affirm the trial court's decision on substantive rather than jurisdictional grounds.

Pociask argues that it was entitled to base its second-year application for registration under the IRP on estimates and that the Secretary was not entitled to audit Pociask's second-year estimate. Pociask's argument is based on the IRP. The Secretary argues that the audit was proper based on the Illinois Vehicle Code. Ill. Rev. Stat. 1985, ch. 95½, par. 3—402.

Although Pociask makes a forceful argument to the contrary, we must conclude that the Attorney General is correct that Illinois statutory and case law authorize the audit conducted by the Secretary.

■ The IRP has the force and effect of law since it is a compact with other States and Canada. However, the guidelines of the IRP relied on by Pociask only apply to an initial application, not a second-year application. Article IV, section A(6), of the American Association of Motor Vehicle Administrators, Vehicle Reciprocity Sub-Committee on Audit, Uniform Operational Audit Procedure Guidelines provides:

> "For new operations, registrants who file apportioned registration applications based on estimated mileage may not be audited as to accuracy of mileage for the first registration year but may be contacted to insure proper record maintenance. However, that same registrant will be subject to audit on actual miles traveled during the preceding year (as defined in the IRP) prior to the second registration year, regardless of the number of months operated. Such audit shall apply only to the second application for apportioned registration that reflects the above information and shall not apply to any previous estimated application. If the new operation is the result of combining or eliminating fleets, those combined or eliminated fleets shall be subject to audit under normal audit criteria. If the registrant chooses to apportion for a second or subsequent registration year based on estimated miles in a member jurisdiction, the base jurisdiction may adjust the 100% apportionment distribution formula to exclude the estimated miles pursuant to IRP Article VIII."

Article VIII of the IRP provides:

"Initial Application for proportional registration shall state the mileage data in all jurisdictions for the preceding year with respect to such vehicle or vehicles. If no operations were conducted with such vehicle or vehicles during the preceding year, the application shall contain a full statement of the proposed method of operation and estimates of the annual mileage in each jurisdiction. The registrant shall determine the in-jurisdiction and total mileage to be used in computing the proportional registration fee for the vehicle or vehicles. The base jurisdiction Commissioner may adjust the estimate in the application if the base jurisdiction Commissioner is not satisfied with its correctness." (92 Ill. Adm. Code §1010 App. B, art. VIII(A) (1985).)

"Preceding year," for IRP purposes, is defined as "the period of twelve consecutive months immediately prior to July 1 of the year immediately preceding the commencement of the registration or license year for which apportioned registration is sought." 92 Ill. Adm. Code §1010 App. B, art. II(J) (1985).

Pocaisk's December 1986 application was for 1987; therefore, the preceding year was the period of July 1, 1985, through June 30, 1986. Since Pociask filed its first application in July of 1986, there were no miles in the preceding year for the 1987 application. Thus, Pociask claims that since there were no miles reported for the preceding year, upon which everything is based for 1987, it properly estimated mileage for the second time on its December 1986 application.

The Secretary's argument does not dispute that the IRP bases its applications on the preceding year's information. Rather, the dispute centers around a second-year estimate where, because of the time of application for the first year, there was still no mileage in the "preceding year" for the second application. It is the Secretary's position that section 3—402.1 of the Illinois Vehicle Code covers the situation. (Ill. Rev. Stat. 1987, ch. 95½, par. 3—402.1.) The language found in section 3—402.1 indicates that if mileage data are not available for the preceding year, the Secretary may accept the latest 12-month period available. The Secretary goes on to argue that IRP registrants may use estimates for second-year applications but that records may be audited to determine the actual miles run prior to the second-year application to determine the appropriate fees. In response to Pociask's argument, the Secretary replies it was permissible for Pociask to use estimates in filing its second-year application, but that it did so under risk of audit and that the audit was properly based upon miles run between July 1, 1986, and June 30, 1987.

■■ By its express terms the Pociask estimate is binding on the State for its initial application. (*Ecko, Inc. v. Edgar* (1985), 135 Ill. App. 3d 557, 482 N.E.2d 130.) It is not binding on the second application. In *Ecko* the court limited the IRP's application to the first application and not the second. The court stated: "The fee for the second year, however, is based upon the actual mileage of the first year. A registration year ends on August 31. To insure that the proper fees are paid for the second year, the second sentence of the guideline allows audits of the first year's actual mileage." (*Ecko*, 135 Ill. App. 3d at 561, 482 N.E.2d at 133.) Furthermore the court stated: "We, therefore, construe the guideline to allow audits of first year mileage to determine the proper amount of second year fees but not to reassess first year fees." *Ecko*, 135 Ill. App. 3d at 562, 130 N.E.2d at 133.

In this case the July 1986 application by Pociask for registration of its trucks was effective for the calendar year 1986. Pociask properly estimated the mileage, and its estimate was not subject to audit by the Secretary by reason of the cited language of the statute and the case of *Ecko v. Edgar*. Its second application in December of 1986 became effective for the calendar year 1987. The second application was also based on estimated mileage. Yet, for the second year, Pociask's actual mileage for the period July 1986 through June 1987 was available to the Secretary. At the time of the initial application, July 1, 1986, no actual mileage was available and any audit of Pociask's actual mileage would be precluded by the plan and a waste of taxpayers' money. Alternatively, the failure of the Secretary to audit the mileage for the year 1987 when the records were available would be contrary to the State statutes which authorize the Secretary to conduct audits of owners of trucks registered in Illinois (Ill. Rev. Stat. 1987, ch. 95½, pars. 3—402.2, 2—124(a), (e)) and the case of *Ecko v Edgar*.

Pociask argues that the *Ecko* decision is *dicta* on the point. It may be *dicta*, but the *dicta* is supported by the State statute and was properly followed by the hearing officer, Secretary and trial judge.

Had the guidelines of the plan precluded the second audit, they may well have been an illegal encroachment on the powers and duties conferred on the Secretary under the Illinois Vehicle Code.

For the above reasons, we affirm the trial court's dismissal of Pociask's administrative review action.

Judgment affirmed.

COCCIA, P.J., and GORDON, J., concur.