(No. 88-CC-3804-

GREGORY J. McHUGH and MYRA GOLDEN, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 6, 1992.*

APPLETON & APPLETON, for Claimants.

ROLAND W. BURRIS, Attorney General (THOMAS S. GRAY, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This cause arises from a request for attorney fees pursuant to Ill. Rev. Stat., ch. 127, par. 1014.1. Gregory J. McHugh, attorney at law, was employed by Myra Golden as her legal counsel in her appeal for expungement of an indicated report of child abuse filed by the Illinois Department of Children and Family Services. Claimants request the amount of $1,345 in attorney fees for the prosecution of the expungement hearing and $650 for this appeal to the Court of Claims of the Department's denial of attorney fees. By stipulation of all parties, the hearing in this case was waived in lieu of briefs submitted by the parties hereto and all evidence offered is in the form of witness depositions and parties' exhibits.

The Respondent, State of Illinois, Department of

Children and Family Services, hereafter referred to as "DCFS," admits the substantial facts as described in the Claimants' brief.

## The Facts

On April 19, 1986, an allegation of child abuse against Myra Golden was reported to DCFS. The following week, DCFS conducted an investigation into the report that Ms. Golden's child had been burned. The investigation included interviews with the child himself, Myra Golden, Jim Land, the homemaker, and Jennifer Jackson, a paralegal with the State's Attorney's office. Conflicting statements were given by those interviewed. Ms. Golden denied the allegation. In addition to the interviews, the child was examined by a physician on April 22, 1986, three days after the abuse was alleged to have occurred. The physician concluded that the age of the scar on the child's arm made it too difficult to determine its cause. Upon completion of its investigation, DCFS filed an indicated report of abuse against Myra Golden.

In seeking expungement of the indicated report, Claimant, Myra Golden, sought legal counsel from the Claimant, Gregory McHugh. Attorney McHugh represented Myra Golden in her expungement proceeding to DCFS to have the indicated report expunged from her record as inaccurate following the guidelines for the appeal for expungement set forth in Ill. Rev. Stat. (1985), ch. 23, par. 2051 *et seq.*

On November 23, 1987, a hearing officer, Ed Schoenbaum, was assigned to review the case. On December 7, 1987, DCFS conducted a hearing to consider the request for expungement. Mr. Schoenbaum determined that

credible evidence to support the indicated finding against Myra Golden was not documented. The facts found at the hearing were that the Department received a call at the State central register wherein a reporting person told an investigator that they had seen the minor child involved with a burn mark on his left forearm. The reporter stated to the investigator that the child said his mom had burned him with a cigarette lighter. The investigator then met with the minor child and Claimant, Myra Golden, the mother. The investigator did notice a circular mark on the child's left forearm which did resemble a burn mark. The child initially told the investigator he did not know how he got the mark but later said he was burned by a lighter although he would not say who did it. He then said he was burned by bumping into a cigarette but could not or would not say when it happened or who was smoking.

Myra Golden denied burning the child. On the next day, the investigator interviewed the child away from home. The child told the investigator that his "Mom had burnt him." The child said it happened Saturday afternoon and that his mom used a lighter. The doctor examining the mark stated that "due to the age of the mark it was difficult to tell if the mark was from a burn or from something else." The location of the mark was not in a location usually associated with a fall or a scrape. Outside of the presence of the doctor and his mother, the investigator stated the child again told him that his mother had burned him.

The investigator indicated the report of abuse because the child was very consistent and specific. There had also been a prior indicated report dealing with a March 1984 report of cuts, bruises and welts.

At the hearing, the child testified *in camera* that he didn't remember a burn on his left forearm and did not remember telling anyone anything about the burn being caused by his mother.

The hearing officer found the child's story was not consistent and that the child's mother denied causing the burn. The Abused and Neglected Child Reporting Act requires the Department to document the existence of credible evidence to indicate a report of suspected child abuse or neglect. (Ill. Rev. Stat. (1985), ch. 23, par. 2053.) Pursuant to DCFS's administrative rules, a cigarette burn must be verified by a physician's diagnosis unless the perpetrator admits causing the burn. The hearing officer believed the administrative rule required a physician's diagnosis of burn where the mother denied that she caused the burn. Since the doctor could not specifically diagnose a burn and Claimant denied the abuse, the hearing officer recommended that the indicated report of abuse be expunged. The hearing officer wrote

"The hearing officer is not convinced that the Department has carried the burden of proof of demonstrating that credible evidence exists that (the child) was burned. Therefore, the hearing officer recommends that the report be expunged from the State Central Register."

Subsequent to the finding, expungement was granted.

The Claimants requested that the Respondent agency pay Myra Golden's attorney fees pursuant to Ill. Rev. Stat., ch. 127, par. 1014.1. The request was denied by the agency.

### The Law

The Claimant cites Ill. Rev. Stat., ch. 127, par. 1014.1 as support for his request. Section 1014.1 states:

"(a) In any contested case initiated by any agency that does not proceed to court for judicial review and on any issue where a court does not have jurisdiction to make an award of litigation expenses under Section 2—611 of the

Civil Practice Law, any allegation made by the agency without reasonable cause and found to be untrue shall subject the agency making the allegation to the payment of the reasonable expenses, including attorney's fees, actually incurred in defending against that allegation by the party against whom the case was initiated. A claimant may not recover litigation expenses when the parties have executed a settlement agreement that, while not stipulating liability or violation, requires the claimant to take corrective action or pay a monetary sum.

(b) The claimant shall make a demand for litigation expenses to the agency. If the claimant is dissatisfied because of the agency's failure to make any award or because of the insufficiency of the agency's award, the claimant may petition the Court of Claims for the amount deemed owed. If allowed any recovery by the Court of Claims, the claimant shall also be entitled to reasonable attorney's fees and the reasonable expenses incurred in making a claim for the expenses incurred in the administrative action. The Court of Claims may reduce the amount of the litigation expenses to be awarded under this Section, or deny an award, to the extent that the claimant engaged in conduct during the course of the proceeding that unduly and unreasonably protracted the final resolution of the matter in controversy."

The statute at issue and under which Claimant seeks relief has the following requirements:

(1) There must be a contested case initiated by an agency that does not proceed to court for judicial review; and

(2) There must be an allegation made by the agency without reasonable cause;

(3) That allegation must be found to be untrue;

(4) There must be no stipulation by the claimant which requires the claimant to take corrective action or pay a monetary sum.

As a matter of statutory construction, it is axiomatic that statutes which permit a recovery of attorney fees are in derogation of the common law and must be strictly construed by the court. (*Department of Revenue v. Appellate Court* (1977), 67 Ill. 2d 392.) When a statute can reasonably be interpreted so as to give effect to all of its provisions, a court will not adopt a strained reading which renders one part superfluous as it is presumed that

the legislature intended to give meaning to all the provisions of a statute.

In the present case, the Claimant chose to rely on the findings of the administrative hearing officer and Respondent chose not to present any new evidence in the Court of Claims. It is clear from the record presented to this Court that the Claimant has proven, by a preponderance of the evidence, all four requirements of the statute. It is clear that there was a contested case that was initiated by DCFS which did not proceed to court for judicial review. The expungement appeal process may not have been exactly the proceeding contemplated by the legislature, but such a proceeding does fall within the statutory language. The Claimant has also proven that the allegation of indicated abuse was made by the agency without reasonable cause. The agency rule requires a doctor's verification of a burn where the alleged perpetrator does not admit the abuse. In the instant case, the doctor was unable to diagnose a burn because of the passage of time, even though the mark on the child was in an unusual place and looked somewhat like a burn mark. The allegation of indicated abuse was therefore made without reasonable cause under the Department's own rules. The investigation itself of the report of child abuse was made with reasonable cause. It was the indicated finding that was not reasonable due to the Department's rule violation. However, ch. 127, par. 1014.1 does not permit recovery simply because the agency failed to follow its own rule. *Ekco Inc. v. Edgar* (1985), 135 Ill. App. 3d 557.

There is nothing in the record that indicates Claimant entered into a stipulation to take corrective action or pay a monetary sum. In fact, the record is clear that Claimant denied, contested and challenged the allegations of abuse throughout.

This case turns on whether Claimant has proven to this Court that the allegations were found to be untrue. Claimant and Respondent failed to present any new proof in this Court and both rely on the findings of the administrative hearing officer who recommended expungement of the indicated report. The hearing officer made the following finding which is relevant to this inquiry:

"3. I find as Myra testified under oath that she never intentionally burned her son."

While the finding may have been inartfully drawn, the clear import of the finding is that the hearing officer found the allegation of indicated abuse to be untrue. This interpretation finds additional support in the hearing officer's recommendation wherein he states that the hearing officer is not convinced that the Department has carried the burden of proof of demonstrating that credible evidence exists that the minor child was burned. Having met the burden of proof, the Claimant is entitled to an award of attorney fees. The attorney fees sought appear to be reasonable.

Based on the foregoing, it is therefore ordered that Claimant is awarded $1,345 for attorney fees for prosecuting her expungement proceeding and $650 for attorney fees for Claimant's appeal of the attorney fees denial to and through the Court of Claims, for a total award of $1,995 for attorney fees.