THE PEOPLE *ex rel.* E. ALLEN BERNARDI, Director, Department of Labor, Plaintiff-Appellant, v. ILLINI COMMUNITY HOSPITAL, Defendant-Appellee.

Fourth District   No. 4—87—0237

Opinion filed December 3, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago. of counsel), for appellant.

Michael R. Roseberry, of Pittsfield, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The Department of Labor (Department) appeals a circuit court order dismissing its complaint against Illini Community Hospital (Illini). The Department alleged Illini had violated the terms of "An Act regulating wages of laborers, mechanics and other workers employed in any public works ***" (Ill. Rev. Stat. 1985, ch. 48, par. 39s—1 *et seq.*) (hereinafter the Prevailing Wage Act). The Department moved for summary judgment. The circuit court dismissed the complaint, finding as a matter of law that Illini was not a "public body" for purposes of the Prevailing Wage Act.

We reverse and remand.

Illini is a not-for-profit, nonsectarian hospital, incorporated under the laws of Illinois. Between 1982 and October 1985, it received tax monies from Pike County, which were collected pursuant to section 1 of "An Act authorizing counties to levy a tax for the purpose of maintaining public non-sectarian hospitals" (Ill. Rev. Stat. 1985, ch. 34, par. 5351) (hereinafter Act). Section 1 of the Act states that for purposes of it, "public nonsectarian hospital" includes nonprofit community hospitals. Ill. Rev. Stat. 1985, ch. 34, par. 5351.

In 1985, Illini entered into a contract for the construction of a can-

opy at its emergency room entrance. The contract did not call for workers to be paid the prevailing wage. The Department brought an action for declaratory and injunctive relief to enforce the provisions of the Prevailing Wage Act. The circuit court found Illini was not a public body within the meaning of the Prevailing Wage Act and dismissed the complaint.

■■ ■ Courts, when interpreting a statute, must ascertain and effectuate the legislative intent in enacting the statute. (*Maloney v. Bower* (1986), 113 Ill. 2d 473, 498 N.E.2d 1102.) In determining the legislative intent, courts must consider the language of the statute and the purposes sought to be achieved by it. (*Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 504 N.E.2d 84.) Courts should first look to the language of the statute. It is the best indication of legislative intent. Where the language is unambiguous, a court must enforce the law as enacted. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 485 N.E.2d 1076.) Courts avoid interpretations which render portions of statutory language meaningless or superfluous. *Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 489 N.E.2d 1374; *Ekco, Inc. v. Edgar* (1985), 135 Ill. App. 3d 557, 482 N.E.2d 130.

■■ With these principles in mind, we turn to the language of section 2 of the Prevailing Wage Act:

> " 'Public body' means the State or any officer, board or commission of the State or any political subdivision or department thereof, *or any institution supported in whole or in part by public funds*, authorized by law to construct public works or to enter into any contract for the construction of public works, and includes every county, city, town, village, township, school district, irrigation, utility, reclamation improvement or other district and every other political subdivision, district or municipality of the state whether such political subdivision, municipality or district operates under a special charter or not.'' (Emphasis added.) Ill. Rev. Stat. 1985, ch. 48, par. 39s–2.

The Department argues the language should be given its plain meaning. Since the hospital received public funds through tax monies assessed for its benefit, it is by definition a public body for purposes of the Prevailing Wage Act. Illini argues the language is ambiguous, should be interpreted as applying to only taxing bodies, and that the percentage of monies received was very small compared to its overall budget. It also argues the Prevailing Wage Act should not apply because it used private funds for the construction project and the project was not a public work.

The language of the statute is clear and unambiguous. A public body is by definition an institution which is supported in whole or part by public funds. This language is broad and not restricted to institutions wholly supported by public funds. Here, the hospital received tax monies. The fact that it would not be a public hospital for purposes of other statutes does not control the definition of public body included in the Prevailing Wage Act. Adopting the interpretation proffered by Illini would in effect delete the phrase "or any institution supported in whole or in part by public funds" (Ill. Rev. Stat. 1985, ch. 48, par. 39s—2) from the statute. Statutes should be construed so that no term is rendered meaningless. Thus, it is presumed the legislature intended that some institutions not specifically enumerated be included within its reach. *Niven v. Siqueira* (1985), 109 Ill. 2d 357, 487 N.E.2d 937.

■■ A purpose of the Prevailing Wage Act is to ensure that workers receive a decent wage. This in turn is advantageous to the public body because it encourages efficiency and expeditious completion of public works. (*Hayen v. County of Ogle* (1984), 101 Ill. 2d 413, 463 N.E.2d 124.) This purpose would be served by requiring the prevailing wage be paid in the instant case.

Illini maintains only a small portion of its budget was met by tax monies. Therefore, it is unfair to hold it is a public body for purposes of the Prevailing Wage Act. The Prevailing Wage Act specifically notes that institutions supported in whole or in part are subject to its terms. Next, Illini argues that the canopy was constructed through private funds and was not a public work. We need not reach these issues as they were not the basis of the decision below.

■■ We note that opinion No. S—1151 of the Attorney General stated that a nonsectarian hospital is a public body for purposes of the Prevailing Wage Act if it receives tax disbursements which are used for its support. (1976 Ill. Att'y Gen. Op. 287.) Although not controlling, this interpretation is persuasive. It comports with the broad phrasing of the statute and we adopt it. (See *McKenzie v. Johnson* (1983), 98 Ill. 2d 87, 456 N.E.2d 73.) Therefore, we hold that a nonsectarian hospital, which receives tax funds, is a public institution and a public body for purposes of the Prevailing Wage Act.

For the above reasons, we reverse the circuit court and remand for further proceedings consistent with this disposition.

Reversed and remanded.

LUND and KNECHT, JJ., concur.