OPPORTUNITY CENTER OF SOUTHEASTERN ILLINOIS, INC., *et al.*, Plaintiffs-Appellees, v. E. ALLEN BERNARDI, Director, Department of Labor, *et al.*, Defendants-Appellants.

Fifth District   No. 5—89—0657

Opinion filed October 16, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and William H. London and Jerald S. Post, Assistant Attorneys General, of Chicago, of counsel), for appellants.

Jeffrey E. Fleming, of Olney, for appellee Opportunity Center of Southeastern Illinois, Inc.

JUSTICE HOWERTON delivered the opinion of the court:

Plaintiffs, Opportunity Center of Southeastern Illinois, Inc. (the Center), and Rose Contracting and Engineering, Inc., filed a complaint for declaratory judgment to determine whether the Opportunity Center is a "public body" under the Prevailing Wage Act (Ill. Rev. Stat. 1987, ch. 48, par. 39s—1 *et seq.*).

Opportunity Center is a private, not-for-profit corporation whose purpose is to provide social, educational and rehabilitation programs for handicapped and developmentally disabled adults. The Center contracted with Rose Contracting and Engineering, Inc., to provide remodeling services on the Center's building.

Defendants are the Department of Labor (the Department) and E. Allen Bernardi, the Director.

The Department had issued subpoenas to both the Opportunity Center and Rose Contracting, requesting both to produce time cards, books, payroll records, checkbook stubs, and other documents. The subpoenas indicated that the Department of Labor was investigating whether plaintiff was paying wages by the prevailing rate of hourly wages on the remodeling project, pursuant to the Prevailing Wage Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 39s—1 *et seq.*).

Plaintiffs, Opportunity Center and Rose Contracting, filed motions to quash the subpoenas together with a complaint for declaratory judgment.

The circuit court of Richland County held that the Opportunity Center was not a "public body" within the meaning of the Prevailing Wage Act and, therefore, was not subject to the Act's provisions. After considering the Department of Labor's motion for reconsideration, the circuit court also held: (1) that the Opportunity Center was not authorized by law either to construct public works or to enter into any contract for the construction of public works; and (2) that the construction involved in this cause was not a "public work" under the Act.

The Department of Labor appeals both orders.

■ The Prevailing Wage Act's declaration of policy states:

"It is the policy of the State of Illinois that a wage of no less than the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed, shall be paid to all laborers, workers and mechanics employed by or on behalf of any and all public bodies engaged in public works." Ill. Rev. Stat. 1987, ch. 48, par. 39s—1.

Although the Opportunity Center admits it received one-half of its funds from the public, it nevertheless argues that the Center is not a public body because it is not "authorized by law to construct public works."

The Department of Labor argues that the Center is a public body because it is supported in part by public funds, *i.e.*, contracts, local tax monies and grants. The Department relies on *People ex rel. Bernardi v. Illini Community Hospital* (1987), 163 Ill. App. 3d 987, 516 N.E.2d 1320, wherein the court held that a not-for-profit, nonsectarian hospital, which received public tax money, was a public institution and public body for purposes of the Prevailing Wage Act. In its reasoning, the court focused on the phrase "or any institution supported in whole or in part by public funds." Ill. Rev. Stat. 1985, ch. 48, par. 39s—2.

In *Illini*, the hospital contracted to have a canopy constructed over its emergency room entrance. The contract did not call for workers to be paid the prevailing wage. The Department brought an action for declaratory and injunctive relief to enforce the Prevailing Wage Act, and argued that since the hospital received public funds, *i.e.*, tax money, by definition it was a public body under the Prevailing Wage Act. The hospital argued that the statute was ambiguous and should be interpreted as applying only to taxing bodies, and that the percentage of tax money received was small when compared to its overall budget. Most significantly, the hospital also argued that the Act should not apply because only private funds were used to construct the canopy, and therefore, the project was not a public work.

The *Illini* court ruled that the language of the statute was clear and unambiguous: by definition a public body is one supported in whole or part by public funds. The heart of *Illini* is that an institution need not be wholly supported by public funds to be within the scope of the Prevailing Wage Act and even though the hospital may not be a "public" hospital for purposes of other statutes, this did not control the definition of public body under the Prevailing Wage Act.

■ The court in *Illini* noted that the purpose of the Prevailing

Wage Act is to ensure that workers receive a decent wage, and that this, in turn, is advantageous to the public because it encourages the efficient and expeditious completion of public works. Hence, the court concluded that the purpose of the Prevailing Wage Act best would be served by requiring the hospital to pay the prevailing wage. *Illini*, 163 Ill. App. 3d at 990, 516 N.E.2d at 1321.

We turn, now, to the issue at hand—whether the not-for-profit Opportunity Center is a public body under the Prevailing Wage Act.

■ The Act defines "public body":

" 'Public body' means the State or any officer, board or commission of the State or any political subdivision or department thereof, *or any institution supported in whole or in part by public funds, authorized by law to construct public works or to enter into any contract for the construction of public works,* and includes every county, city, town, village, township, school district, irrigation, utility, reclamation improvement or other district and every other political subdivision, district or municipality of the state whether such political subdivision, municipality or district operates under a special charter or not." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 48, par. 39s—2.

■ Courts, when interpreting a statute, must determine and give effect to the legislative intent in enacting the statute. (*Maloney v. Bower* (1986), 113 Ill. 2d 473, 498 N.E.2d 1101.) In determining the legislative intent, courts must consider the language of the statute and the purposes sought to be achieved. (*Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 504 N.E.2d 84.) Courts should first look to the language of the statute because it is the best indication of legislative intent. Where the language is unambiguous, a court must enforce the law as enacted. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 485 N.E.2d 1076.) Courts avoid interpretations which render portions of statutory language meaningless or superfluous. *Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 489 N.E.2d 1374; *Ekco, Inc. v. Edgar* (1985), 135 Ill. App. 3d 557, 482 N.E.2d 130.

The Opportunity Center is supported by contracts with the State; it received over one-half of its revenue through contracts with the Illinois Department of Health and Developmental Disabilities and its predecessor, the Department of Mental Health. The Center also is publicly supported by local tax monies, $90,000 for fiscal years 1985 and 1986; and it received funding through grants issued by the Illinois Department of Rehabilitation Services.

According to the parties' stipulation of facts, the Center received

from the Department of Mental Health over 50% of its receipts in each year from July 1, 1973, through June 30, 1987.

■■ Under the plain meaning of the statute, the fact that the Center is a "private" institution does not prevent it from being a "public body" under the terms of the Prevailing Wage Act. The definition states: "any institution supported in whole or in part by public funds." Ill. Rev. Stat. 1987, ch. 48, par. 39a—2.

The Center is a public body because it is an institution which is supported in whole or in part by public funds under the teaching of *Illini*.

Nevertheless, the Center maintains that it is not "authorized by law to construct a public work," and that *Illini* did not address this part of the definition of a "public body."

If the Center is not authorized by law to construct a public work, can it be a public body?

The Act states that a "public body" is "any institution supported in whole or in part by public funds, authorized by law to construct public works *or to enter into any contract for the construction of public works*." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 48, par. 39s—2.

Since the Act defines a "public body" in part using the term "public works," we must first determine what is a "public work."

■■ The Act defines "public works":

" 'Public works' means *all fixed works constructed for public use by any public body*, other than work done directly by any public utility company, whether or not done under public supervision or direction, *or paid for wholly or in part out of public funds*. 'Public works' as defined herein includes all projects financed in whole or in part with bonds issued under the Industrial Project Revenue Bond Act[,] *** the Industrial Building Revenue Bond Act[,] *** the Illinois Development Finance Authority Act[,] *** or the Build Illinois Bond Act *** and all projects financed in whole or in part with loans or other funds made available pursuant to The Build Illinois Act ***." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 48, par. 39s—2.

A "public work" has two elements: (1) it is a "fixed work"; and (2) is for a "public use."

■■ First, then, in this case, we must determine if the Center's remodeling project is a fixed work. Plaintiff's complaint stated that the remodeling was to be done on improvements situated on real estate at a certain location. The Act does not define "fixed work." However, we believe that real estate is a "fixed work" within the

meaning of the Act, and real estate was what was involved in this construction project.

Secondly, we must determine if the project was constructed for "public use." The Act does not define "public use."

■ We believe that "public use," however, does not turn on whether the institution is publicly or privately owned. Nor do we believe that "public use" turns on whether the greater portion of those who use the facility are paying for their use from their own private funds. Because the Act does not define "public use," and because the Act has a specific purpose, we instead believe that the term "public use" must be determined so that the broad purpose of the Act is not thwarted.

If the Act is read as the Center urges, so that the words "authorized by law to construct public works" are words of limitation, then the purpose of the Act would be thwarted. If those words are words of limitation, then unless an institution, public or private, was specifically and expressly granted the authority by the legislature to construct a public work, prevailing wages would not have to be paid even though public money was being spent, thereby thwarting the broad purpose of the Act. We hold, therefore, that the words "authorized by law to construct public works" are not words of limitation.

■ The purpose of the Prevailing Wage Act is to ensure that workers receive a decent wage; hence, the question of whether the Center is for "public" or "private" use must be determined by asking whether the institutions are supported in whole or in part with public money. By resolving the issue in this way, the broad purpose of the Act best is served. Therefore, we hold that when public money is spent on a "fixed work" that is being constructed by a public body, the Prevailing Wage Act applies.

■ According to the parties' stipulation of facts, the Center contracts with the Department of Mental Health and other governmental agencies to provide services to handicapped and developmentally disabled adults and is supported, in part, by public money. We further find that the Center is a public body because it receives one-half of its money from public funds and can contract for the construction of public works. Therefore, the Prevailing Wage Act covers this project.

We, therefore, reverse the circuit court and remand for further proceedings.

Reversed and remanded.

LEWIS, P.J., and WELCH, J., concur.